HALL, Judge.
This suit for damages arose as a result of physical injuries received by plaintiff-appellant, Jo Ann Middleton, in an altercation with her landlady, Josephine D. Shaw, defendant-appellee herein. Mrs. Shaw’s husband was also named as a party defendant on the basis of allegations that Mrs. Shaw was acting on behalf of the community at the time of the incident. In a written opinion carefully and accurately analyzing the evidence in the case, the district court found that the plaintiff failed to prove her case by a preponderance of the evidence. From a judgment rejecting her demands, plaintiff appealed. We affirm the judgment of the district court.
The altercation took place in plaintiff’s apartment which she rented from defendants. There were no witnesses to the encounter. There is no serious dispute between plaintiff and defendant as to the events leading up to the moment before the physical encounter started. However, the testimony of plaintiff and defendant as to what happened from that moment on is in serious conflict.
On the morning of August 3, 1970, Mrs. Shaw went to the plaintiff’s apartment some time between 6:30 and 7:00 a. m. to collect rent. She knocked on plaintiff’s *359 door and when plaintiff opened the door Mrs. Shaw went inside the apartment and sat down on the couch in the living room. Plaintiff proceeded to get her checkbook and rent receipts and returned to the couch. At this point, the two ladies got into a verbal dispute about the rent and Mrs. Shaw said she would send for her husband, to which plaintiff replied “send for the old bastard” or “get the old bastard”. The exact actions of each party from this point on are in controversy.
The plaintiff testified that when she said this Mrs. Shaw knocked her off the arm of the couch causing her to fall to the floor and then Mrs. Shaw threw a footstool at her striking her on the left arm, fracturing the bone near the wrist. Plaintiff also contends she received scratches about the face and bruises on her neck and other parts of the body during the ensuing struggle.
The testimony of Mrs. Shaw is in substantial conflict with that of the plaintiff. She testified when the plaintiff made the statement about her husband, both parties stood up from the couch and at that point the plaintiff grabbed her by her blouse. Mrs. Shaw testified she then grabbed the plaintiff’s hair and threw her to the floor. Defendant denied she ever threw or hit plaintiff with the stool.
The testimony of the investigating officers, Deputies Jerry Webb and Robert Myers, and the plaintiffs friend and neighbor, Linda Santignan, all of whom saw the plaintiff a short time after the struggle, corroborates the facts that there was an altercation in plaintiff’s apartment and that she sustained an injury to the wrist and some scratches or redness about the face. Their testimony sheds no light on what transpired immediately before and during the altercation.
Plaintiff was examined and treated by Dr. J. L. Leopard, III. Plaintiff complained to him of pain in her left wrist and in her neck. His examination revealed a fracture of the lower third of the large bone of the lower left arm and he noted some muscle spasm in plaintiff’s neck. The doctor did not note any other injuries to plaintiff such as abrasions or bruises. When asked his opinion as to what caused the fractured wrist the doctor testified, “it usually takes a fair amount of force to cause such a break. A fall; being struck ; anything like that.” The doctor testified that he did not make a notation of finding a bruise or contusion at the site of the break. He testified plaintiff’s injuries could be consistent with a fall.
The trial judge reached the following conclusion:
“As there was no evidence to support the testimony of either of these women with reference to the encounter itself, except the injuries to the plaintiff which were apparent, we must hold that plaintiff has failed to prove her case by a preponderance of the evidence.”
Plaintiff-appellant specifies that the trial court erred in holding there was no evidence to support the testimony of either of the two parties and in failing to find that plaintiff had failed to prove her case by a preponderance of the evidence. More specifically, plaintiff argues that in an assault and battery case, the plaintiff does not have the burden of proving that plaintiff was free from fault and not an aggressor. Plaintiff argues that the aggressor doctrine is a defense to a suit of this nature and that the defendant must carry the burden of proving that the plaintiff was, in fact, the aggressor. Plaintiff further argues that in any event the preponderance of the evidence favors plaintiff’s version of the encounter. Plaintiff also argues that the statement made by her relative to defendant’s husband was not sufficient provocation to justify the battery committed upon her by defendant and that in any event, the force used by defendant, particularly in hitting plaintiff with the footstool was excessive and unjustified.
It is our opinion the trial judge correctly decided this case in favor of the *360 defendants on the basis of plaintiffs failure to carry the burden of proof. The Codal basis of recovery in an assault and battery case is LSA-Civil Code Article 2315. Plaintiff had the burden of proving the act of defendant caused her damage. Plaintiff proved these elements as it is clear that defendant committed a battery upon her causing her to sustain a broken wrist. However, plaintiff must also prove fault on the part of the defendant, that is, that defendant was the aggressor or, if not the aggressor, that defendant used excessive force under the circumstances. In the instant case plaintiff failed to prove this element (defendant’s fault) by a preponderance of the evidence.
Numerous cases have held that a plaintiff’s burden of proof in an assault and battery case goes beyond merely proving that an assault or battery occurred.
“The courts of Louisiana have consistently held that before a plaintiff can recover damages under such circumstances, it must be affirmatively shown that the plaintiff did not provoke the difficulty or was not at fault in provoking it,
Ponthieu v. Coco, 18 So.2d 351 (La.App. 2d Cir. 1944).
“The evidence is so conflicting as to who was the aggressor, and the burden of proof being on the plaintiffs, they have failed to prove their case by a fair preponderance of the evidence. The judgment is affirmed.”
Brown v. Lambert, 71 So.2d 410 (La.App. 1st Cir. 1954).
“. . . Moreover, in an action for damages for assault, the burden of proof rests upon plaintiff to establish by a preponderance of the evidence every essential of the demand that an assault occurred, that it was unprovoked and that he was not at fault in provoking the difficulty which led to the assault.
Wilkins v. Nugent, 108 So.2d 5 (La.App.2d Cir. 1958).
“In an action for damages for assault and battery the burden is upon plaintiff to establish by a preponderance of the evidence that such an assault occurred and that he was not at fault in provoking the difficulty which led to the assault. . .
Veillon v. Sylvester, 174 So.2d 189 (La.App. 3d Cir. 1965).
“Article 2315 of the Louisiana LSA-Civil Code, which forms the basis of plaintiff’s complaint, provides that ‘every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it’. This means that if Hopper is to prevail in this action, he must prove:
“(a) That there was an act.
“(b) That the act was done by Ross.
“(c) That this act by Ross caused Hopper’s damage.
“(d) That the damage was occasioned by Ross’s fault.”
Hopper v. Ross, 123 F.Supp. 371 (W.D.La.1954).
Either version of the encounter is as plausible as the other and neither version is supported by evidence other than each party’s own testimony. If plaintiff’s version were accepted as true she would be entitled to recover because defendant was the aggressor and used excessive force and was not justified in making a physical attack merely on the basis of the language used by plaintiff. If defendant’s version is accepted as true, plaintiff is not entitled to recover because the actions of plaintiff in using the language she did coupled with grabbing defendant’s blouse justified defendant in grabbing plaintiff’s hair and pulling or throwing her to the floor.
Having failed to prove fault on the part of the defendant by a preponderance of the evidence, plaintiff is not entitled to recover. The judgment of the district court is affirmed.
Affirmed.