REDMANN, Judge.
Plaintiff sues as conventional subrogee on several claims arising from an automobile accident. From a judgment for $1,808.66 defendant appeals.
The evidence justifies the trial judge’s finding that defendant ran into the other automobile because, after looking to his right for a break in traffic, he did not *1074 look to his left when starting up from a stop in the median area of the Westbank Expressway in Jefferson Parish (the other automobile had meanwhile come half across the expressway towards the median into defendant’s path and he struck it on the rear fender).
The evidence also supports the conclusion that the other driver (one of plaintiff’s assignors) was not guilty of contributory negligence. She apparently stayed in her own southbound lane crossing the expressway, and had almost crossed the westbound lanes before defendant turned into her car. She violated no duty to defendant or to herself, because she had no reason to anticipate that defendant would turn left without looking.
The evidence does not justify a $100 award on the claim of Lisa Cheramie, then ten years old, because there is no evidence she was injured or even jostled. Her 15-year-old sister Pamela testified, said nothing of any injury or incommodity as a result of the “bump” to the car, and it was stipulated that Lisa’s testimony would be the same as Pamela’s. No other evidence affords a basis for any award for Lisa unless mere presence in an automobile modestly damaged in a minor accident entitles one to an award of $100 or so. We hold it does not.
The evidence also does not justify $1,000 for the claim of Doris B. Cheramie, who testified she hit her head on the windshield and side window, went to a doctor five days later (then three more times), had “pain and discomfort” for three or four months, and still had headaches at trial time. There was no medical evidence to justify a $1,000 award and it must be reduced, Allen v. Baucum, La.App., 4 Cir. 1969, 218 So.2d 662. We allow $500, see C.C: 2277, as maximum general damages for a non-visible and otherwise uncorroborated injury.
The testimony of Enis Cheramie that he (or plaintiff, his insurer) paid $71 medical and $692.66 automobile repair is sufficient to support the inclusion of those items in the judgment. The test is whether those items have been shown to be more probable than not, Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972). Enis’s testimony is supported by the automobile repair estimate and contract and by a $71 medical bill introduced without objection. Enis testified that he spent another $45 on medical expense (and plaintiff’s sub-rogation recites $116 total); but Enis does not even explain what that $45 was for, and it must be held unproven.
The judgment is reduced to $1,163.66; costs of appeal are to be equally divided.