399 So.2d 701 (1981)
William L. COWELL
v.
DAIRYLAND INSURANCE COMPANY.
No. 14164.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*702 Curtis M. Baham, Jr., Hammond, for plaintiff.
Dennis J. Phayer, New Orleans, for defendant Dairyland Ins. Co.
Autley B. Newton, Hammond, for defendants Leon G. Dunkin and Lawuna Dunkin.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
This matter is on suspensive appeal to us from the confirmation of a default judgment taken by plaintiff, William L. Cowell, against the defendant, Dairyland Insurance Company.
It arose from a suit for damages against Dairyland, the uninsured motorist carrier of the plaintiff; against the driver-tortfeasor, Leon G. Dunkin; against Lawuna Dunkin, the owner of the vehicle Dunkin was driving at the time; and against the owner's liability insurer, named as ABC Insurance Company. The basis of the damage suit was that the negligent operation of the Dunkin vehicle by the driver caused personal injuries to Mr. Cowell. The suit also demanded penalties and attorney's fees against the uninsured motorist carrier. The record shows that Dairyland Insurance Company was served through the Secretary of State on June 9, 1980. The owner and driver were served on that same date. The minutes of the court show that a preliminary default was entered on June 25, 1980.[1] On July 9, 1980, the plaintiff confirmed the default. The record does not reflect that Dairyland filed an answer prior to judgment.[2] An answer was filed by the individual defendants on August 13, 1980.
The record reflects that the evidence offered on the confirmation was the testimony of the plaintiff, William L. Cowell; of a passenger in the Cowell car, Guy Palermo; and of Mrs. Frances Cowell, the plaintiff's wife. Cowell testified to the negligence of the driver of the Dunkin vehicle[3] in running a stop sign at an intersection in the downtown area of Hammond, Louisiana. In connection with the plaintiff's testimony, a copy of the police report and photographs of the plaintiff's car involved in the accident were offered. The plaintiff also testified to his injuries, medical treatment by Dr. Gideon (filing in evidence the bill of Dr. Charles H. Gideon, D. C. for the treatment), and his loss of wages. The plaintiff also offered his insurance policy declaration with Dairyland,[4] and responded affirmatively to questions from his attorney that the uninsured motorist coverage was $5,000 per accident and that the medical pay was $500. Mr. Palermo testified to being in the Cowell car at the time of the accident and that the accident occurred when the other vehicle ran a stop sign. Mrs. Cowell testified only to the back injury of her husband and a reference to his not being able to do any work.
After the testimony, counsel for plaintiff offered a letter from him dated December 27, 1979, addressed to Dairyland; a letter to Sentry Claim Service (at the same address as Dairyland) dated February 27, 1980 (enclosing medical report and bill for medical services); a letter to Sentry from plaintiff's counsel dated March 10, 1980 (enclosing verification of loss of wages); and a handwritten *703 memo from one Wayne Minor of Dairyland, dated April 14, 1980, requesting a loss verification on their particular form. The plaintiff also offered his attorney's response dated April 17, 1980 and a handwritten letter from Wayne Minor on a Dairyland memo form dated March 4, 1980. (Minor is not otherwise identified.) The plaintiff also offered the petition, with special reference to the claim for penalties and attorney's fees; the sheriff's return showing service; and the entry of the preliminary default.
Based on the foregoing evidence the trial court rendered judgment in favor of the plaintiff and against Dairyland in the amount of $5,000, legal interest, 12% penalties, $2,000 attorney's fees and costs. The defendant has appealed this judgment. We reverse and remand.
In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Holland v. Aetna Life & Casualty Insurance Co., 385 So.2d 316 (La.App. 1 Cir. 1980); Bonfouca Investment Corporation v. Eubanks, 347 So.2d 1277 (La.App. 1 Cir. 1977); see also LSA-C.C.P. art. 1702.
We find the proof herein to be deficient. Competent evidence of plaintiff's claim under an insurance policy is the insurance contract itself. However, the policy was not introduced into evidence. Only a part of the policy, called Policy Declarations, was offered. This does not satisfy this evidentiary requisite. See Holland v. Aetna Life & Casualty Insurance Co., supra. Moreover, the plaintiff offered no proof that the owner and/or driver of the offending vehicle were uninsured, and there is no affidavit in the record which would establish a prima facie case strictly under the provisions of LSA-R.S. 22:1406 D(6), which affidavit would remove the burden of proof from the plaintiff and place that burden on the defendant insurer. Loupe v. Tillman, 367 So.2d 1289 (La.App. 4 Cir. 1979). We find no competent evidence in the record to prove that the defendant-driver-owner is an uninsured or underinsured motorist. See Beck v. Allstate Insurance Company, 359 So.2d 1327 (La.App. 4 Cir. 1978), writ denied, 362 So.2d 791 (La.1978).
For the foregoing reasons, the judgment of the trial court is reversed, the judgment vacated and the case is remanded to the trial court for further proceedings. Appellee is to bear the costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] The minutes do not reflect against what defendants the preliminary default was taken; although the attorney representing the plaintiff, in his prefatory remarks at the trial on July 9, 1980, said that the default was "being taken against Dairyland Insurance Company only."
[2] Dairyland Insurance Company filed an answer, third party demand and request for trial by jury on August 15, 1980 (more than a month after the confirmation judgment.)
[3] Cowell and his attorney refer to driver as Lawana [Lawuna] Dunkin (although petition and accident report state that Leon Dunkin was the driver.)
[4] The policy or a copy thereof was not introduced in evidence.