425 So.2d 949 (1983)
Dianne HALLIDAY, Mother of Joey Popham
v.
WATER WORKS OF LOUISIANA, INC.
No. 5-371.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1983.
C.J. Calhoun, New Orleans, for plaintiff-appellee.
O'Keefe, O'Keefe & Berrigan, Dennis J. Phayer, New Orleans, for defendant-appellant.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
In this personal injury suit, a default judgment was confirmed against appellant, Water Works of Louisiana, Inc. Appellee, Dianne Halliday, suing on behalf of her minor son, Joey Popham, sought damages *950 for the injuries to her son's mouth when he collided with someone in a tunnel on appellant's water slide. The trial court awarded $20,000 plus medical specials of $3,245. The issues on appeal are whether a prima facie case of negligence was proven and whether the introduction of medical bills was hearsay and inadmissible. Because we find negligence was not proven, we do not reach the second issue. We reverse and remand.
On September 17, 1980, Joey Popham and a friend went to the Water Works on Berhman Highway in Jefferson Parish. The two boys had been down the slide a number of times when Joey collided with an unidentified person in a tunnel on the water slide and broke three of his teeth. He was taken to a hospital for stitches and saw a number of dentists and other specialists for a period of seven months following the accident.
Appellee filed suit on July 31, 1981, and filed a supplemental and amending petition on September 11, 1981. Both petitions were served on the appellant's agent for service of process. The trial court granted a preliminary default on November 4, 1981 and after hearing the testimony of Joey Popham and his mother (Dianne Halliday) on December 2, 1981, confirmed the preliminary default and rendered judgment in favor of appellee.
Louisiana law requires a judgment of default to be confirmed by proof of the demand sufficient to establish a prima facie case. La.C.C.P. art. 1702. A prima facie case is established by proving with competent evidence the essential elements of the petition as fully as if each of the allegations had been specifically denied. Cowell v. Dairyland Insurance Co., 399 So.2d 701 (La. App. 1st Cir.1981); Jim McCary, Inc. v. Price, 391 So.2d 921 (La.App. 2d Cir.1980); Dozier, etc. v. Burleigh, 380 So.2d 197 (La. App. 3d Cir.1980).
The only evidence introduced at the confirmation of the default hearing was the testimony of Joey and his mother, Mrs. Halliday, and the introduction into evidence of various medical bills and letters. Mrs. Halliday was not present at the water slide when the accident occurred. She testified, therefore, only as to the medical and emotional problems which ensued. Joey's testimony also consisted mostly of what occurred after the accident. His testimony regarding the accident consisted of the questions and answers as follows:
Q. Tell the Court what happened on September 17, 1980 approximately 7 p.m. at night.
A. Me and my friend Darren had gone to the Water Works on Behrman Highway.
Q. Is this in Jefferson Parish?
A. Yes, sir. We were going up the slide. We had been there and up a couple of times. One time I was coming down. I lost my friend Darren. We got separated. I looked behind me while I was going down the slide. I was on my knees on the mat. I looked behind me to see if Darren was there. When I was looking behind me, there was somebody in the tunnel. We collided in the tunnel. I fell forward and broke three of my teeth and cut my chin.
Q. Now, this tunnel you referred to, this is a tunnel that is constructed on the water slide, is it?
No other evidence was admitted which had any bearing on the finding of negligence.
At the end of Joey's testimony, appellee's attorney stated to the court "At this time before I call another witness, if the Court would like to refer to a signed statement by the special-duty police officer who was on duty that night in lieu of this testimony." The court simply asked for appellee's next witness and no further reference was made to the letter. There is no indication in the record whether the court did in fact refer to the letter. The letter is, however, in the record before this court. It is a signed statement by a man claiming he was employed as a deputy sheriff and was on special detail at the Water Works at the time of the accident. He claimed that in the months he had worked there he was aware of at least two or three incidences similar to Joey's accident. He claimed that on each of *951 the prior occasions the owner of the Water Works had been notified that "kids were being knocked over as they entered the tunnel by other kids who were staying in the tunnel." The letter was not formerly introduced into evidence and properly so. The man was not called as a witness and no foundation was laid. This statement was not verified in any manner. Although this court cannot know if the trial judge did take the letter into consideration in its judgment it clearly should not have. This court cannot consider it in our review of the case.
This court can find no evidence to support a finding of negligence. A simple statement that an accident occurred in the tunnel on a water slide does not carry the burden of proving a prima facie case. Therefore, the trial judge was clearly wrong in holding that it did.
For the reasons assigned, the judgment of default is reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.