433 So.2d 305 (1983)
Michael W. BROWN
v.
Paul TINSLEY.
No. 82 CA 0766.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
Philip N. Burt, Baton Rouge, for plaintiff-appellee: Michael W. Brown.
James Farrier, Baton Rouge, for defendant-appellant: Paul Tinsley.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
This is an appeal from a default judgment. The facts giving rise to this litigation *306 are as follows: On October 8, 1981, defendant Paul Tinsley, sold to plaintiff Michael Brown, "all merchantable timber" located on a certain tract of land in Livingston Parish, described as containing 33 acres. The price of the timber was $5,000.
On the day of the sale the parties walked around the land and defendant pointed out the various boundaries. The next day plaintiff checked the conveyance records and found a portion of the land was owned not by Tinsley but by Delta Recreation, a defunct corporation.[1] Brown contacted Tinsley (who had already cashed the $5,000 check), and Tinsley admitted he didn't own all of the property but advised Brown to cut the trees anyway. Brown located some of the owners of the defunct corporation and learned Tinsley had not been authorized to sell the timber on their land. Brown repeatedly asked Tinsley to return the $5,000 but Tinsley refused. Under these circumstances Mr. Brown felt it would be unwise to execute the contract, even on the land actually owned by Mr. Tinsley, so he filed suit for damages for breach of contract.
Defendant failed to answer the suit and a preliminary default was entered against him. After a hearing on the matter, the default was confirmed and judgment was rendered in favor of Brown for $21,280.00. Tinsley has appealed.
Appellant raises three errors to be considered here. The first is that the court erred "... in allowing the plaintiff-appellee to establish by parol evidence that the subject matter of the contract, that is the timber which the defendant-appellant sold and warranted, was other than that specifically described in the contract." This argument certainly lacks clarity, but after examining the brief filed by defendant, it seems the gist of the argument is that the court erred in allowing plaintiff to testify concerning the breach of contract. Appellant cites Civil Code art. 2276 which states that parol evidence shall not be admitted "... against or beyond what is contained in the acts...." This article has been interpreted to mean parol evidence is inadmissible to explain, contradict, vary, add to or subtract from the terms of a written contract. Washington Aluminum Co. v. Pittman Construction Co., 383 F.2d 798 (5th Cir.1967); Mathieu v. Nettles, 383 So.2d 1337 (La.App. 3d Cir.1980), writ denied, 390 So.2d 202 (La.1980).
In the present case, plaintiff did not use parol evidence to prove a change in the terms of the contract; in fact, there is no dispute whatsoever as to the content or terms. The contract grants to plaintiff the right to cut timber from a certain tract of land, which the public records revealed did not belong entirely to defendant. The parol evidence was offered not to vary the terms of the contract but to prove that what defendant sold in the contract did not actually belong to him; i.e., to prove defendant breached the contract. We do not know of any authority which states parol may not be used to show a breach of contract. Therefore, we reject appellant's argument as being totally without merit.
Appellant's second argument is the court erred in not requiring competent documentary evidence to establish the property involved in the contract was not actually owned by defendant. Appellant contends plaintiff's testimony, without corroborating documentary evidence, is insufficient proof.
A judgment by default must be confirmed by proof of the demand sufficient to establish a prima facie case. Code Civ.P. art. 1702. The plaintiff must prove the essential elements of the claim by competent evidence, with legal certainty, as fully as though each allegation was specifically denied by the defendant. Bonfouca Inv. Corp. v. Eubanks, 347 So.2d 1277 (La.App. 1st Cir.1977).
Appellant has cited us no cases wherein it was held that in order for a buyer to prove a breach of contract concerning the quantity of land sold, he must *307 bring in documentary evidence. Even assuming the defendant denied all of plaintiff's claims, the trial court apparently found plaintiff's testimony concerning the discrepancy in amount of land to be credible. As a reviewing court we must give great weight to conclusions of the trier of fact. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977). Credibility of witnesses is best judged by trier of fact and its judgment in that regard will not be disturbed unless clearly wrong. McMillan v. Travelers Ins. Co., 371 So.2d 1213 (La.App. 1st Cir.1979). Therefore we find no error in the court's acceptance of plaintiff's testimony concerning the discrepancy in the amount of land and we conclude plaintiff sufficiently proved a prima facie case.
Appellant's third argument is the trial court erred in awarding damages above and beyond the $5,000 purchase price, the limit set by the contract. The pertinent language reads as follows:
"6. WARRANTY AND OBLIGATIONS: Seller warrants title to the timber, but the warranty is limited to the return of the purchase price in the event of failure. All agreements herein contained, shall inure to benefit and be binding upon the heirs, successors and assigns of the parties hereto."
The court did not consider this language but awarded damages of $21,280 for lost profits. (This amount was based on expert testimony offered at the hearing.)
We agree with appellant the language of the contract is clear and unambiguous. Counsel for appellee filed a late brief in this matter but does not give a valid reason why the precise language of the contract should be ignored. The contract was signed by both parties, and as between them, is the law. La.Civ.Code art. 1945.[2]
For these reasons the judgment of the trial court is amended so that judgment is rendered in favor of plaintiff, Michael W. Brown, and against defendant, Paul Tinsley, in the sum of Five Thousand and No/100 ($5,000.00) Dollars plus legal interest from date of judicial demand until paid. In all other respects the judgment is affirmed. Costs of the appeal are to be paid by appellant.
AMENDED AND AS AMENDED, AFFIRMED.
NOTES
[1] Although Delta owned only 5 of the 33 acres, a majority of the timber was located on the Delta tract.
[2] The article reads in pertinent part as follows:

"Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them."