452 So.2d 295 (1984)
Celia HOWERY, Plaintiff-Appellee,
v.
William LINTON, et al., Defendants-Appellants.
No. 16247-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
Roland V. McKneely, Jr., Bossier City, for defendants-appellants.
Loridans, Beresko & Loridans by Alfred R. Beresko, Bossier City, for plaintiff-appellee.
Before PRICE, C.J., and MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
From a default judgment for damages allegedly inflicted by a battery upon plaintiff, defendant appeals, questioning the sufficiency and admissibility of the evidence and the award of $5,000 in general damages and $228 in special damages.[1] We affirm.
CCP Art. 1702 requires a plaintiff who proceeds at the default of defendant to prove a "prima facie case." This means that the plaintiff must prove the essential allegations of her petition as if each allegation had been specifically denied. Jones v. Ledet, 383 So.2d 1308 (La.App. 3d Cir. 1980); Smith v. Doyle, 160 So.2d 791 (La. App. 3d Cir.1964).
*296 In personal injury-battery cases, a plaintiff must show that a battery was committed upon her by the defendant and that the battery caused her damage or injury. See Middleton v. Shaw, 271 So.2d 358 (La.App. 2d Cir.1972); Veillon v. Sylvester, 174 So.2d 189 (La.App. 3d Cir.1965). Plaintiff must additionally negate her provocation or show that, even if defendant was provoked, defendant used excessive force under the circumstances to cause the injury. Middleton, supra.
Plaintiff and her male friend, Ed Cole, testified that the two of them joined other friends of plaintiff at a Bossier City bar shortly after plaintiff got off work at midnight, May 21, 1983. Plaintiff said she had only one beer because she was under a "doctor's care ..." About an hour later two men and two women became involved in an altercation, all of whom were either "friends of" or were known to plaintiff. Plaintiff said that defendants Mike Linton and Steve Huckaby "jumped on this other lady ... [and that she got up out of the chair to] stop it before it ever got started... [T]hat's as far as I got.... Mike Linton ... shoved me into Steve Huckaby, and he took me and jerked me out the door, cussing every breath ... and beat me outside against a brick wall and threw me down on the concrete." Defendant Huckaby was described as being over six feet tall and weighing about 190-200 pounds. Plaintiff's height and weight are not shown.
Plaintiff testified that when she was thrown to the ground by defendant she couldn't move because of pre-existing back problems that she later described as fibrocitis. She said "I hit my head [on the concrete] ... it hurt my back real bad and I couldn't move ... they had to call an ambulance and took me to Bossier General Hospital." She said she was x-rayed at the hospital and that she suffered "a black eye, it turned into, ... left wrist ... bruised real bad, broke my watch, and ... blue marks ... on my back, my arms." She said she suffered "terrible embarrassment" and has not been able to go back around any of "those people" who were at the bar that night. She denied doing anything to provoke defendant Huckaby. She also claimed at the October trial date that she had not been able to work following the May 21 battery. She was denied loss of wages by the trial court because she did not sue for that loss.
Plaintiff prayed for $75,000 damages and was awarded $5,000 by the trial court. Under the circumstances above shown, we find no error. Plaintiff made out a prima facie case. CCP Art. 1702. Ed Cole corroborated plaintiff's testimony about the events in the bar, that he saw her on the ground and caused an ambulance to be called. He followed her to the hospital, and after she was "x-rayed and everything ..." he took plaintiff home and "helped [her daughter get her] to bed." We have recognized that a trial court has great discretion in assessing personal injury damages. We do not modify the trial court's assessment where an abuse of discretion is not shown. Reck v. Stevens, 373 So.2d 498 (La.1979).
Plaintiff testified that she received a bill from the ambulance service for $140 and a bill from the hospital for x-rays for $88. The trial judge allowed these bills into evidence and allowed plaintiff $228 in special damages. Defendant complains that special damages should not have been allowed because the bills were inadmissible hearsay. We find no error in the allowance of special damages or in the admissibility of the bills.
Plaintiff established that it was apparently necessary for her to be taken by ambulance to a hospital. She established that she was x-rayed at the hospital and was released on the date of the incident in the bar. The expenses she said she incurred are not unreasonable in amount. The fact that she received the bills in the amount shown is not inadmissible hearsay, and to this extent, the bills were admissible, even though they might not have been admissible to independently prove that services were necessary or that the expenses incurred by her were reasonable. See *297 Bailey v. Jackson, 331 So.2d 498 (La.App. 2d Cir.1976); Sutherlin Sales Co. v. United Most Worshipful, Etc., 127 So.2d 253 (La.App. 4th Cir.1961), writ den.; State Farm Mut. Auto Ins. Co. v. Terrebonne, 356 So.2d 1073 (La.App. 4th Cir.1978); Lambert v. Allstate Insurance Company, 195 So.2d 698 (La.App. 1st Cir.1967); Villetto v. Weilbaecher, 377 So.2d 132 (La. App. 4th Cir.1979); Hayes v. Illinois Central Railroad, 83 So.2d 160 (La.App. 1st Cir.1955), 12 A.L.R.3d 1347. See also Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & R. Co., 69 Cal.2d 33, 69 Cal. Rptr. 561, 442 P.2d 641 (1968) and Garrett v. Morris Kirschman & Company, Inc., 336 So.2d 566 (Fla.1976).
The judgment for $5,228, at appellant's cost, is affirmed.
NOTES
[1] Plaintiff sued this appellant, as well as Mike Linton and William Linton, the owner of the bar. The default judgment reserved all rights against the remaining defendants.