469 So.2d 24 (1985)
Elmas HOOKFIN
v.
Brenda BOURNE.
No. 84 CA 0333.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*25 William Brooks, Ron S. Macaluso, Hammond, for plaintiff-appellee.
Fritz B. Ziegler, Covington, for defendant-appellant Merit Ins. Co.
Before ALFORD, WATKINS and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court which confirmed a preliminary default judgment rendered against Merit Insurance Company (appellant).
On March 6, 1982, Elmas Hookfin (appellee) was involved in an automobile accident on Highway 51 North, in Ponchatoula, Louisiana. Appellee was stopped at an intersection waiting to turn left. Prior to the light turning green, a vehicle driven by Louis Bourne, struck a vehicle located directly behind appellee causing this vehicle to collide with appellee. Appellee sustained personal injuries from the accident which were determined to be caused by the fault of Louis Bourne.
Appellee filed a petition for damages on November 5, 1982, naming as defendants Brenda Bourne, Louis Bourne and their liability insurer, Allstate Insurance Company. Appellee filed a supplemental petition on July 25, 1983 joining appellant, his uninsured motorist carrier, as a defendant.
On August 2, 1983, appellee entered into a settlement with the Bournes and Allstate for Allstate's policy limit of $10,000. All defendants were dismissed except for appellant.
On August 8, 1983, appellant was served through the Secretary of State, its agent for service of process.
A preliminary default was entered against appellant on September 8, 1983. The preliminary default was confirmed by a default judgment taken on October 19, 1983. This judgment awarded appellee $6,000 plus legal interest from the date of judicial demand and various costs of the proceeding.
*26 Appellant filed a motion for a new trial on October 28, 1983. This motion was subsequently denied by the trial court after concluding that the default judgment rendered on October 19, 1983, was not contrary to the law and evidence presented. It is from this judgment that appellant appeals.
Appellant alleges on appeal that the trial court's judgment is contrary to the law and evidence and that the motion for a new trial should have been granted.
The record reflects that the only testimony offered on the confirmation was that of the appellee. Appellee testified to how the accident happened, his injuries, medical treatment and his lost wages. In support of this testimony counsel for appellee introduced into evidence the deposition of appellee taken February 18, 1983, the medical bills of Drs. Stewart, Fambrough and Adotto, the entire medical record of Seventh Ward General Hospital, the affidavits of Drs. Fambrough and Adotto and statements from Seventh Ward General Hospital and Lallie Kemp Charity Hospital attesting to the amount of lost wages suffered by appellee. Counsel for appellee also introduced into evidence the restrictive release[1] entered into between the Bournes, Allstate and appellee wherein appellee settled for Allstate's $10,000 policy limit, and a certified copy of the insurance policy issued by appellant to appellee providing $5,000 uninsured motorist coverage and $1,000 for medical payment benefits.
In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant. Cowell v. Dairyland Insurance Company, 399 So.2d 701 (La.App.1st Cir.1981); La.C.C.P. art. 1702. A plaintiff sustaining this burden of proof has made out a prima facie case as required by La.C.C.P. art. 1702.
In reviewing a default judgment, the Court of Appeal is restricted to a determination of whether the record contains sufficient evidence to prove a prima facie case. Weaver v. Weaver, 438 So.2d 1149 (La.App.1st Cir.1983).
Appellant alleges that appellee has not met this burden since hearsay evidence is insufficient to make out a prima facie case. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980). Appellant argues the appellee's own discovery deposition and the affidavits of Drs. Fambrough and Adotto are inadmissible hearsay evidence.
Even without consideration of this evidence, appellee's own testimony and the certified medical records of Seventh Ward General Hospital, which include their bill of $1490[2], produce sufficient competent evidence to make out a prima facie case against appellant. Appellee's testimony establishes that there was an accident on March 6, 1982, and that the accident was caused by the fault of Mr. Bourne. Appellee testified as to the pain which he experienced, as well as the fact that he made visits to Drs. Stewart, Fambrough and Adotto. His complaints are substantiated by the hospital record of Seventh Ward Hospital which cover his treatment on the date of the accident, March 6, 1982, and his subsequent hospitalization from March 23 through April 3, 1982. He further testified to lost wages of $2495.36. Without any contradictory evidence, we find this evidence to be competent and sufficient to establish a prima facie case against appellant for the sum granted.
Appellant alleges that the medical evidence introduced into evidence by appellee was markedly contradictory. It is unnecessary to address this issue since we agree with appellant that the medical reports *27 of the doctors were inadmissible evidence.[3]
Appellant's last argument is that appellee failed to lay a proper foundation for introducing the insurance policy into evidence because he failed to identify the policy when it was introduced. We disagree.
Appellee testified that at the time of the accident he had an insurance contract with appellant and that the policy provided $5,000 for uninsured motorist coverage and $1,000 for medical benefits. At the conclusion of this testimony, counsel for appellee introduced a certified copy of an insurance contract between appellant and appellee. We hold that the insurance contract was properly introduced into evidence.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Introduction of this restrictive release into evidence is sufficient proof that the Bournes were underinsured, an essential element to establish a prima facie case against appellant.
[2] These medical records were properly admissable in accordance with La R.S. 13:3714.
[3] We specifically note that the amendment to La.C.C.P. art. 1702, permitting the introduction of medical evidence by sworn narrative report in default confirmations, became effective on January 1, 1984. Confirmation of this default judgment was in October, 1983.