GRISBAUM, Judge.
This appeal relates to a default judgment of $2,000,000 resulting from a personal injury action. We affirm.
We are initially called upon to determine numerous evidentiary and procedural questions:
(a) Whether Pacific Employers Irisurance Company’s (Pacific) policy (No. XM0024077) was properly admitted in evidence;
(b) Whether the evidence established that Pacific provided UM coverage;
(c) Whether the trial court erred in its finding that the Pacific policy coverage became applicable after the $20,000 UM coverage under the National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National) policy was exhausted;
(d) Whether the trial court erred in its finding that the Barriere Construction Company (Barriere) truck was “in use” within the meaning of the Pacific policy;
(e) Whether the plaintiffs produced sufficient evidence of Raphael Thibodeaux’s medical condition; and
(f) Whether the testimony of Raphael Thibodeaux is required under La.C.C.P. art. 1702(B)(2) to establish a prima facie case.
We must then determine whether the trial court erred in its finding that the plaintiffs proved a prima facie case and whether the trial court abused its discretion in denying the defendants’ motion for a new trial.
FACTS
Plaintiff Raphael Thibodeaux worked for Barriere at a construction site on Veterans Boulevard. Night construction took place in order to minimize traffic delays. Officer Raymond H. Millet of the Jefferson Parish Sheriff’s Office testified on direct examination he had passed the two block construction area several times during the night of October 9, 1986 and found it to be adequately lit. He noticed several markings, a yellow flashing light, and a couple of Jefferson Parish units with the red lights on. The yellow flashing lights were attached to *1105 a trailer and formed an arrow to detour the traffic; this trailer containing the lights and arrow was hooked to the back of a red Barriere pickup truck. At approximately 3:30 a.m. on this same evening, David M. Burton drove his father’s blue van into the trailer and pickup truck. Officer Millet further stated that he received a call from the Jefferson Parish Sheriff’s Office dispatcher at 3:35 a.m. and arrived at the scene of the accident at 3:40 a.m. His investigation of the accident scene reveals that David Burton did not apply his brakes and that the yellow flashing lights were operative at the time of impact. Officer Millet saw the piece of machinery containing the yellow lights laying on its side. He also noticed a red Barriere pickup truck a few feet down on the shoulder of the road and a blue van laying sideways with heavy damage to the front of it. He testified that Section 3 of Plaintiffs’ Exhibit 1 contained a copy of the police report he prepared, including a series of diagrams of the accident scene. Officer Millet testified that, after the accident, he observed David Burton staggering and swaying and noticed Burton smelled strongly of alcoholic beverage. He advised Burton of his rights, gave him a field sobriety test, arrested him, and took him to “the lockup.” A Toxilyzer 5000 test revealed Burton’s blood alcohol content to be .20, and these tests results were consistent with Officer Millet’s findings during the field sobriety test. The record shows that the van struck the trailer and pickup truck, causing the pickup truck to roll over Raphael Thibodeaux, severely injuring him and rendering him a quadriplegic.
ANALYSIS
In addressing the initial issue of whether Pacific’s policy was properly admitted into evidence, we see Pacific claiming that the policy was the product of a deposition that was improperly admitted into evidence. However, we find that the policy was the product of a subpoena duces tecum, which was directed to Barriere by the plaintiffs, requesting, among other things, all applicable insurance policies. We note the trial court, in its Reasons for Judgment, states
[T]he Supreme Court has held that, in a default proceeding, insurance coverage may be established through discovery requests. Succession of Rock v. Allstate Insurance Co., 340 So.2d 1325 (La.1976). The Pacific policy was produced in response to a subpoena duces tecum requesting all applicable policies of insurance. The Court finds, in light of Succession of Rock, that admitting the policy was not clearly contrary to law.
We agree. The policy was produced in response to a subpoena duces tecum and not as a result of the deposition itself. Therefore, the relevancy of the deposition as being competent evidence is moot.
We now come to the question of whether the evidence at the trial established that Pacific provided UM coverage. The record shows the plaintiffs established that the tortfeasor was underinsured. Barriere, the owner of the vehicle that struck Mr. Thibo-deaux, had $20,000 of UM coverage with National and $2,000,000 of excess UM coverage with Pacific, according to the evidence introduced at the confirmation hearing. No waiver of UM coverage appeared anywhere in the record.
We now turn to determine whether the trial court erred in its finding that the Pacific policy coverage became applicable after the $20,000 UM coverage under the National policy was exhausted. We note the trial court, in its Reasons for Judgment, states
Based on the two policies before the Court at trial, the Court finds that a total of Two Million Twenty Thousand and no/100 Dollars ($2,020,000.00), of UM coverage was available to the plaintiffs, consisting of $20,000.00 under the primary National Union policy, and $2,000,-000.00 under the excess Pacific policy.
We also note that Pacific correctly asserts that Barriere was required to maintain $1,000,000 of underlying limits with National; however, as the schedule for underlying insurance in the Pacific policy makes clear, those underlying limits were required only for comprehensive general liability and comprehensive automobile liability. The *1106 plaintiffs’ claim is under the UM provision of both the National and Pacific policies. Therefore, the trial court was correct in its rationale, as expressed in its Reasons for Judgment.
The next issue is whether the trial court erred in its finding that the Barriere truck was “in use” within the meaning of the Pacific policy. Here, too, we see the trial court, in its Reasons for Judgment, states, “[T]he diagram of the scene incorporated into the report shows that the truck was being used in connection with the flashing warning lights.” The policy provisions regarding the issue of coverage pertaining to “use” state “Actual operation or other actual use.” This indicates that “use” is broader than mere operation of the vehicle. Therefore, we find the Barri-ere truck was employed as part of the highway warning system at the time it was hit by David Burton. Accordingly, we concur in the finding of the trial court. See Hellmers v. Dep’t. of Trcmsp. and Dev., 503 So.2d 174, 179 (La.App. 4th Cir.1987), writ denied, 505 So.2d 1141 and 505 So.2d 1149 (La.1987).
We now turn to determine whether the plaintiffs produced sufficient evidence of Raphael Thibodeaux’s medical condition. In its Reasons for Judgment, the trial court states
In support of their claim for damages, the plaintiffs offered the testimony of Mrs. Alice Thibodeaux, and numerous medical reports, as well as hospital and doctor bills. Mrs. Thibodeaux identified the bills as expenses incurred due to the accident, in the amount of $50,498.07. Such plaintiff testimony alone is sufficient proof to establish a prima facie claim for damages. La.C.C.Art. 1702B(2); [sic] Hermann v. Louisiana Health Service & Indemnity Company, 492 So.2d 250 (La.App. 3rd Cir.1986); Howery v. Linton, 452 So.2d 295 (La.App. 2nd Cir.1984). The Court has also reviewed the documentary evidence submitted, which includes medical reports and records. A doctor’s medical record is admissible at a hearing to confirm a default. Matter of Fox, 504 So.2d 101 (La.App. 2nd Cir.1987).
We agree. See also Howery v. Linton, 452 So.2d 295, 296 (La.App.2d Cir.1984).
The next issue is whether the testimony of the plaintiff, Raphael Thibodeaux, is required under La.C.C.P. art. 1702(B)(2) to establish a prima facie case. Again, we are indebted to the trial court’s eloquence in its Reasons for Judgment, to wit:
It is clear to the Court that if Art. 1702(B) mandates plaintiff testimony, then the testimony of Mrs. Thibodeaux would be insufficient to establish her husband’s claim. It is equally clear, however, that Pacific’s construction of Art. 1702(B) misconceives the language of the statute and the nature of a default proceeding. The Court can find no appellate decisions construing 1702(B), but is of the opinion that the statute addresses the weight, rather than the necessity, of plaintiff testimony at a default hearing. Such testimony, by the plain words of the article, “shall be sufficient proof of such demand”, [sic] The article spells out that if the plaintiff testifies, his testimony alone shall be enough to make a prima facie case. But the article still speaks in terms of a prima facie case, which may be made without the plaintiff’s testimony. This construction is consistent with prior Louisiana jurisprudence, which has recognized that plaintiffs need not be present at a default proceeding. Barnes v. Wilhite, 434 So. 2d 638 (La.App. 3rd Cir.1983).
Moreover, the Court is persuaded that Pacific’s construction could create a potential advantage for tortfeasors who seriously injure their victims, by providing a procedural respite from legal responsibility in situations where a tort victim would be incapable of testifying or providing an affidavit. This result, as plaintiffs have argued, would be an anomaly, repulsive to concepts of fairness and justice. The Court concludes that the plaintiffs were not required to present testimony from Raphael Thibo-deaux as part of their prima facie case.
*1107 We agree and adopt the trial court’s statutory interpretation as the policy of this Circuit.
After analyzing each of the specific questions presented, the ultimate question is whether the plaintiffs proved a prima facie case against Pacific. As the trial court correctly noted in its Reasons for Judgment, Louisiana law requires the judgment of default to be confirmed only by proof of the demand sufficient to establish a prima facie case. Halliday v. Water Works of Louisiana., Inc., 425 So.2d 949, 950 (La.App. 5th Cir.1983); La.C.C.P. art. 1702. The essential elements of a prima facie claim upon which a judgment of default may be confirmed must be proven by competent evidence as fully as if each of the allegations had been specifically denied by defendant. See Halliday, supra, at 950; C & V Gravel, Inc. v. Maco Constr. Corp., 465 So.2d 938, 943 (La.App.2d Cir.1985), citing Brown v. Tinsley, 433 So.2d 305 (La.App. 1st Cir.1983); Howery v. Linton, supra, at 295, citing Jones v. Ledet, 383 So.2d 1308 (La.App.3d Cir.1980) and Smith v. Doyle, 160 So.2d 791 (La.App.3d Cir.1964). The trial court, in its Reasons for Judgment, states, “After a thorough review of the evidence in the record, the Court is satisfied that the Thibodeaux[e]s, plaintiffs herein, have met this reduced burden, and have proved each of the essential elements of their petition with competent evidence, as though each allegation had been denied.” We agree.
The final question is whether the trial court abused its discretion in denying Pacific’s motion for a new trial. The answer is no. The trial court correctly stated, in its Reasons for Judgment, that
A new trial may be granted, pursuant to La.C.C.P. Art. 1972(1), where the result of the first trial is clearly contrary to the law or the evidence. In applying this high standard of review, the Court’s focus is limited solely to the evidence presented at trial. Succession of Budwah, 441 So.2d 39 (La.App. 3rd Cir.1983). Thus, none of the affidavits and exhibits submitted in connection with Pacific’s motion may be properly considered by the Court. Budwah, supra; Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir.1981).
Moreover, the Louisiana Supreme Court in the Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325, 1331 (La.1976) clearly states that
[W]hen the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion that he has a valid defense to the merits, unless the defendant has shown a good excuse to the trial judge for his failure to appear and defend the suit.
This record is completely silent as to any explanation for Pacific’s failure to appear before the default was taken.
Other issues have been raised which we find have no merit; accordingly, they will not be addressed.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
KLIEBERT, J., dissenting.