527 So.2d 500 (1988)
ROLL-LITE OVERHEAD DOORS, A DIVISION OF ARCHITECTURAL SPECIALTIES COMPANY, INC.
v.
CLOVER CONTRACTORS, INC., Mickey O'Connor, Gene P. Cooper, and Sidney J. Cancienne.
No. 88-CA-82.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
*501 Ewell E. Eagan, Jr., Steven W. Copley, Gordon, Arata, McCollam, Stuart & Duplantis, New Orleans, for defendants-appellants.
Alvin A. LeBlanc, Jr., DeMartini, LeBlanc, D'Aquila & Volk, Kenner, for plaintiff-appellee.
Before GRISBAUM, DUFRESNE, and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal relates to a default judgment. The two defendants-appellants have been cast in judgment by default for personal liability premised on their guaranty of an open account on behalf of Clover Contractors, another named defendant. They now appeal. We set aside and remand.
The threshold question is whether the affidavit of record, along with the invoices attached to the petition, constitutes competent evidence for obtaining a default judgment.
FACTS
On July 8, 1986, the plaintiff, Roll-Lite Overhead Doors, a Division of Architectural Specialities Company, Inc., filed a petition styled "Suit On Open Account." The plaintiff sought payment of $12,380.34 for various supplies sold to Clover Contractors, Inc. Also made defendants were the present appellants, Gene P. Cooper and Sidney J. Cancienne, alleged to have "personally guaranteed" the Clover account with Roll-Lite. The plaintiff also claims interest (18 percent annual percentage rate) and, amicable demand having been made, attorney's fees. Attached to the petition as exhibits are various invoices and credit receipts which do in fact total the principal demanded, $12,380.34. Also attached are Clover's credit application with Roll-Lite, which appears to reflect a personal guaranty by the appellants.
The other defendants having answered, a preliminary default judgment against the present appellants was signed July 7, 1987. On August 21, 1987, the preliminary default was confirmed, the judgment reciting it was granted "on [plaintiff] producing to the Court due proof in support of the plaintiff's demands, the Court considering the law and the evidence to be in favor of the plaintiff...." On the date of the judgment, an affidavit by Joyce McLane, credit manager of Roll-Lite, was received into the record. It recites:

AFFIDAVIT
STATE OF FLORIDA
COUNTY OF Orange
Before me, the undersigned authority, duly qualified and commissioned in and for the State of Florida, County of Orange, personally came and appeared JOYCE McLANE, who after first being duly sworn, did depose and say:

*502 That she is the credit manager of Roll-Lite Overhead Doors, plaintiff in the above numbered and entitled cause;
That she is familiar with the account of defendant(s), Clover Contractors, Inc., Mickey O'Connor, Gene P. Cooper[,] and Sidney J. Cancienne.
That the balance due and owing on this account as of this date is $12,380.34 with interest at the rate of 18% per annum from date of judicial demand until paid.
That the defendants have repeatedly acknowledged the correctness of the amount of this claim, but as of this date, the amount still due and owing on this account is $12,380.34; The defendant(s) not having paid this account in full.
That no payments have been made on this account.
That the true and correct amount owed to the plaintiff on this account by the above named defendant(s) if [sic] $12,380.34 plus interest, court costs and attorney's fees as prayed for; all subject to a credit of $0.00.
 JOYCE McLANE
 AFFIANT
SWORN TO AND SUBSCRIBED BEFORE ME THIS 16th DAY OF July, 1987.
NANCY E. ALLEN NOTARY PUBLIC
LAW
Our statutory scheme for default judgments is outlined in La.C.C.P. arts. 1702 and 1702.1. La.C.C.P. art. 1702, in pertinent part, presently states:
Confirmation of default judgment
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in form of oral testimony before entering judgment.
. . . .
(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. In those proceedings in which the sum due is on an open account or a promissory note, other negotiable instrument, or other conventional obligation, or a deficiency judgment derived therefrom, including those proceedings in which one or more mortgages, pledges, or other security for said open account, promissory note, negotiable instrument, conventional obligation, or deficiency judgment derived therefrom is sought to be enforced, maintained, or recognized, a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court....
La.C.C.P. art. 1702.1 provides:
Art. 1702.1. Confirmation of default judgment without hearing in open court: required information; certifications
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any *503 proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account, promissory note, or other negotiable instrument or on a conventional obligation and that the necessary invoices and affidavit or note and affidavit are attached. If attorney fees are sought under R.S. 9:2781, the attorney shall certify that fact and that a copy of the demand letter and the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) have elapsed before suit was filed.
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
Our jurisprudence states that the judgment of default can be confirmed only by proof of the demand sufficient to establish a prima facie case. Halliday v. Water Works of La., Inc., 425 So.2d 949, 950 (La.App. 5th Cir.1983); La.C.C.P. art. 1702. The essential elements of a prima facie claim upon which a judgment of default may be confirmed must be proved by competent evidence as fully as if each of the allegations had been specifically denied by the defendant. See Halliday, supra; C & V Gravel, Inc. v. Maco Constr. Corp., 465 So.2d 938, 943 (La.App. 2d Cir.1985), citing Brown v. Tinsley, 433 So.2d 305, 306 (La. App. 1st Cir.1983); Howery v. Linton, 452 So.2d 295 (La.App. 2d Cir.1984), citing Jones v. Ledet, 383 So.2d 1308, 1314 (La. App. 3d Cir.1980) and Smith v. Doyle, 160 So.2d 791, 792-93 (La.App. 3d Cir.1964).
ANALYSIS
Although the Code of Civil Procedure at times permits affidavits in lieu of testimony, this leniency forms no exception to the rule that, "To establish his prima facie case, the plaintiff must use only competent evidence." Holbrook v. Palermo, 352 So.2d 419, 421 (La.App. 3d Cir.1977). The plaintiff had the initial burden of proving two specific prima facie cases in tandem: first, that Clover Contractors owed a certain sum on an open account and, second, that Cooper and Cancienne are liable as personal guarantors of the account. As to the open account segment, prima facie proof must include both the business record of the account and an affidavit or testimony verifying the correctness thereof. That is, "the naked declaration of an employee that the balance of some unproduced account is correct does not constitute the prima facie proof required for a default judgment in a suit on an open account under C.C.P. art. 1702." American Dist. Tel. Co. v. Rault, 378 So.2d 194, 195 (La. App. 4th Cir.1979). In Jim McCary, Inc. v. Price, 391 So.2d 921, 923 (La.App. 2d Cir. 1980), the rule of Rault was expanded into the somewhat more extensive principle that
In order to establish a prima facie case on an open account by affidavit, it [the affidavit] must contain an itemized statement of account. The declaration in the affidavit of nothing more than the correctness of the unpaid balance of the account does not establish prima facie proof of the claim.
Here, the affidavit by McLane does not verify the attached invoices or records nor even mention them. Instead, it recites an overall balance due. The invoices appear in the record only as attachments to the plaintiff's petition. Thus, our factual scenario presents no competent identification of the invoices as business records. In essence, while the invoices do appear in the plaintiff's petition, no connexity is established between them and the affidavit. The invoices are never presented in the guise of competent evidence and, we find, the conclusional nature of the affidavit, without invoices, cannot make out a prima facie case.
In light of our decree, it becomes unnecessary to address the remaining issues raised in brief.
For the reasons assigned, the default judgment dated August 21, 1987 is hereby set aside and remanded for further proceedings *504 consistent with the views expressed herein. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.