CIACCIO, Judge.
Defendant client, Arlmon Vanzant, Jr. and his attorneys, Vincent Glorioso and *1162 Ronald Welcker appeal suspensively the default judgment rendered in favor of the plaintiff in the amount of $111,157.83. We vacate the default judgment and remand the case for further proceedings.
On April 20, 1983 plaintiff filed suit to recover the sum of $111,157.83, which sum constituted an alleged overpayment of interest in a successful damage action by Arlmon Vanzant, Jr. against New Orleans Public Service, Inc.
On May 10, 1988 copies of the citation and petition were personally served on Vincent Glorioso and Ronald Welcker, the attorneys for Mr. Vanzant in the damage action, and the alleged recipients, with their client, of the overpayment.
On May 14, 1988 Arlmon Vanzant, Jr. was also served.
A motion for default was filed by the plaintiff on June 1,1988 and on that date a preliminary default was issued against Ronald Welcker and Vincent Glorioso.
On the same day a second motion for default was filed by the plaintiff and a preliminary default was entered against Arlmon Vanzant, Jr.
On June 20, 1988 plaintiff moved for and was granted a permanent judgment by default which cast the three defendants in judgment in the full sum of $111,157.83. On this date, a note of evidence was taken wherein Charles Wild, Jr., the plaintiffs claims manager testified. He attested that he had been involved in a lawsuit filed August 7,1978 by Vanzant, who was represented by Glorioso and Welcker, against New Orleans Public Service. According to Wild, the plaintiff was awarded $534,239.76 after trial and the sum was increased, on appeal, to $808,212. Mr. Wild further testified that as the representative of the defendant he received a letter from the plaintiff through his attorneys which stated that the interest due on the judgment was $1,051,-161. On February 18, 1988 a check was sent to Arlmon Vanzant and his attorneys, Glorioso and Welcker, in the amount of $2,015,143.10.
Wild stated that in March, 1988, it was discovered that there had been an error made in the calculation and on March 23, 1988 a letter was sent to the attorney, Vincent Glorioso, outlining the overpayment and requesting that the matter be resolved. (A copy of this letter was introduced into evidence). No response was received from this letter. Mr. Wild telephoned the attorneys’ offices on at least 2 occasions but received no response and this lawsuit was instituted. Mr. Wild stated that New Orleans Public Service has received none of the monies from the defendants.
On appeal, defendants contend that the trial court erred in granting a default judgment on evidence which was insufficient to establish a prima facie case.
In a recent decision, Roll Lite Overhead Doors v. Clover Contractors, Inc., 527 So.2d 500 (La.App. 5th Cir., 1988) the court discussed the criteria for confirmation of a default judgment.
Our jurisprudence states that the judgment of default can be confirmed only by proof of the demand sufficient to establish a prima facie case. Halliday v. Water Works of La., Inc., 425 So.2d 949, 950 (La.App. 5th Cir.1983); La.C.C.P. art. 1702. The essential elements of a prima facie claim upon which a judgment of default may be confirmed must be proved by competent evidence as fully as if each of the allegations had been specifically denied by the defendant. See Halliday, supra; C & V Gravel, Inc. v. Maco Constr. Corp., 465 So.2d 938, 943 (La.App. 2d Cir.1985), citing Brown v. Tinsley, 433 So.2d 305, 306 (La.App. 1st Cir.1983); Howery v. Linton, 452 So.2d 295 (La.App. 2d Cir.1984), citing Jones v. Ledet, 383 So.2d 1308, 1314 (La.App. 3d Cir.1980) and Smith v. Doyle, 160 So.2d 791, 792-93 (La.App. 3d Cir.1964).
In order to present a prima facie case under the present set of circumstances it was incumbent upon New Orleans Public Service to prove the following:
1) That the defendants obtained a judgment against NOPSI, which called for the payment of a certain damage award, interest and costs.
*1163 2) That this judgment was paid by NOPSI to the herein named defendants.
3) That the amount paid was received by the defendants.
4) That a specified sum paid as part of this judgment constituted an overpayment.
An examination of the record in the instant case evidences the fact that in confirming their default judgment New Orleans Public Service has fallen short of presenting a prima facie case.
Plaintiff attempted to prove its default through the testimony of its claims manager, Charles V. Wild, Jr. He did not identify the docket number of the tort suit nor was a copy of the judgment introduced into evidence. Assuming, arguendo, that his verbal testimony was sufficient to establish the amount of the judgment and the correct calculation of accrued legal interest, and further assuming that his testimony was sufficient to prove that a check in the amount of $2,015,143.10 was sent to defendants on February 18, 1988, his testimony, standing alone, was insufficient to prove that the defendants had received the funds.
Plaintiff could have established proof of receipt of the funds by placing in evidence the cancelled check with defendants’ endorsements if they appeared thereon. The demand letter of March 23, 1988 addressed to defendant Glorioso created no presumption of an admission of its correctness or of defendants’ liability for repayment. Accordingly, plaintiff failed to prove one of the essential elements of its claim.
Since the plaintiff, New Orleans Public Service, has failed to present a prima facie case in confirming its default, the trial court erred in granting this default judgment.
Accordingly the default judgment is vacated and the case is remanded for further proceedings consistent herewith. Plaintiff shall bear the cost of this appeal.
VACATED AND REMANDED.