GOTHARD, Judge.
Defendant, Albert Leyendecker, takes this appeal from a judgment of separation from bed and board granted in favor of his wife, Debra Leyendecker. We affirm.
On December 19, 1988 Mrs. Leyendecker filed a petition seeking the separation based on habitual intemperance and cruel treatment. The petition alleged that Mr. Leyendecker drank to an excess, showed no love or affection to his wife and refused to allow her to obtain credit in her own name.
Although Mr. Leyendecker admits he was personally served with a copy of the petition on December 21, 1988, he took no action to defend himself in this proceeding. A preliminary default was entered on February 2, 1989. On February 9, 1989 the trial court heard testimony on the confirmation of that default and entered a judgment in favor of the plaintiff.
On appeal the defendant assigns one error for our review. He argues that the trial court erred in rendering a judgment of separation from bed and board based on cruel treatment when the parties still resided together in the family home. The defendant raised this identical issue in an application for supervisory writs. Under our *420 docket number 89-C-230 in May, 1989, we declined to exercise our supervisory jurisdiction to review this appealable judgment.
La.C.C.P. art. 1702(A) provides that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. In order to establish a prima facie case, the essential elements of the petition must be proven with competent evidence as fully as though each of the allegations had been specifically denied by the defendant. Halliday v. Water Works of Louisiana, Inc., 425 So.2d 949 (La.App. 5th Cir.1983).
At the hearing Mrs. Leyendecker and two of her neighbors testified to the truth of the allegations contained in the petition. There was also testimony from Mrs. Leyendecker, verified by one of the other witnesses, that the couple had physically separated.
On appeal Mr. Leyendecker refutes the fact of the physical separation by the filing of affidavits in this court. Such evidence is beyond the scope of our review since it was not introduced into evidence in the trial court. Our constitutional authority is limited to a review of the record on appeal. La. Const. Art. 5, Sec. 10; LSA-C.C.P. art. 2164. Therefore we are unable to consider the affidavits. See, Holmes v. St. Charles General Hospital, 465 So.2d 117 (La.App. 4 Cir.1985) on rehearing.
We find the evidence contained in the record sufficient to establish a prima facie case of habitual intemperance and cruel treatment as alleged in the petition. We further find sufficient evidence to support the plaintiffs contention that the parties were physically separated at the time the judgment was rendered. Consequently, we deem it unnecessary to address the merits of defendant’s claim that the parties must be physically separated in order to obtain a judgment of separation based on cruel treatment. The judgment of the trial court is affirmed.
AFFIRMED.