440 So.2d 791 (1983)
Thomas Lee McREYNOLDS
v.
Susan A. KRUSE, et al.
No. 83 CA 0002.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Rehearing Denied November 22, 1983.
*792 Fernin F. Eaton, Baton Rouge, for plaintiff-appellant Thomas Lee McReynolds.
George L. Anding, Jr., Baton Rouge, for defendant-appellee Susan A. Kruse, et al.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court sustaining defendants' exception of no cause of action, thereby dismissing the plaintiff's suit for damages.
Thomas Lee McReynolds and his wife, Lorraine Lambert McReynolds, were judicially separated in May of 1979. Mr. McReynolds was granted custody of the two children. Over a year later, both parties filed for divorce in separate suits. Mrs. McReynolds' suit was filed first. According to Mr. McReynolds, no answer was filed to his wife's petition because his attorney had conferred with Mrs. McReynolds' attorney, Susan Kruse, and was under the impression that a settlement would be reached. However, Ms. Kruse subsequently obtained a default judgment which awarded Mrs. McReynolds a divorce and custody of the children.
Mr. McReynolds then filed suit for damages against his former wife, Lorraine McReynolds, her attorney, Susan A. Kruse, and Ms. Kruse's employer, Capital Area Legal Services Corporation. The plaintiff claimed in his petition that defendant, Susan Kruse, "contrary to the custom of practitioners in the area and without notice to petitioner's former attorney that defendants would not try to settle their claims..." obtained a default judgment against the petitioner. Plaintiff also alleged that Ms. Kruse violated her oath as an attorney by misrepresenting to the court that a reconciliation had occurred between the parties, and by failing to inform the court that her client "was not informing the court of the true nature of her client's relationship with the petitioner...."
Defendants, Susan Kruse and Capital Area Legal Services, filed a peremptory exception of no cause of action which the court sustained, dismissing the suit as to those two defendants. From that judgment, plaintiff appeals.
On appeal, plaintiff alleges that the trial court erred in maintaining the exception of no cause of action. The purpose of the exception of no cause of action is to test whether the allegations of the petition entitle the petitioner to a remedy under any theory of law. La.C.C.P. Art. 931, Androwski v. Ole McDonald's Farms, Inc., 407 So.2d 455 (La.App. 1st Cir.1981), writ denied 409 So.2d 666 (La.1982). The trial court found that the plaintiff's petition did not state a claim for which the law affords a remedy using the following analysis:
The court finds that Mr. McReynolds' petition does not state a claim for which the law would afford a remedy. First, no professional relationship existed between Ms. Kruse and the plaintiff, so there was no duty imposed upon Ms. Kruse as to this plaintiff. Second, an attorney does have the duty to accurately present the facts to the court and to avoid and prevent any misrepresentation. Assuming that the allegations of the petitions are true and Ms. Kruse did misrepresent the facts, there is no showing that any misrepresentations were the cause of plaintiff's harm. Finally, the law does not provide any relief for violation of the incorrect assumptions made by plaintiff's attorney that the parties would settle and that no default judgment would be pursued. While the court recognizes the disappointment often suffered by parties who rely upon such verbal agreements, it finds no remedy in the law for this "misreliance".
*793 We agree with the trial judge's conclusions and find that he was correct in maintaining the exception of no cause of action.[1]
The appellant next argues that the court should have at least allowed him time to amend his pleadings to overcome the exception of no cause of action. La.C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. (Emphasis ours).
As the court stated in Louisiana & So. Life Ins. v. New Orleans S.S., 384 So.2d 594, 597 (La.App. 4th Cir.1980):
As a general rule the "shall" in the above article requires that the adverse party be given an opportunity to amend where there is a conceivable possibility that cause or right of action may be stated. Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App. 3rd Cir.1979). However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act. Perkins v. Desrochers 359 So.2d 323 (La.App. 4th Cir.1978).
In this case, the appellant advances no suggestion as to how he would amend his petition in order to state a cause of action.
For plaintiff to state a cause of action based upon the defendant's negligence requires that each of these four questions be answered in the affirmative: 1) Do the risks and harm encountered by plaintiff fall within the protection of a legal duty owed to plaintiff by defendant; 2) Was defendant negligent, i.e., did defendant breach the duty owed to plaintiff; 3) Was defendant's action a cause-in-fact of plaintiff's injury; and 4) Was plaintiff damaged by defendant's conduct. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). As the trial court pointed out, defendant Susan Kruse was Mrs. McReynolds' attorney, and as such, owed no legal duty to Mr. McReynolds. Although she did have a duty to accurately present the facts to the court, that duty is to the court and does not encompass the risk of injury to the plaintiff, as opposing party litigant. No amendment by the plaintiff could possibly cure those two deficiencies in the duty-risk negligence analysis. Therefore, a remand to allow the plaintiff to amend would be useless, and the trial judge correctly denied such.
Since we agree with the trial court's decision to maintain the exception of no cause of action, we find it unnecessary to discuss appellant's contention that it was error for the trial court not to overrule the exceptions of no right of action and vagueness or prematurity.
For the reasons assigned, the judgment appealed from is affirmed. Costs are to be paid by the appellant.
AFFIRMED.
NOTES
[1] The law does provide some form of relief in a case where opposing counsel misleads his opponent to the effect that no default judgment will be taken absent notice. La.C.C.P. art. 2004 provides that "(a) final judgment obtained by fraud or ill practices may be annulled." See Albert v. Lirette, 394 So.2d 761 (La.App. 4th Cir.1981).