465 So.2d 938 (1985)
C & V GRAVEL, INC., et al, Plaintiffs-Appellees,
v.
MACO CONSTRUCTION CORP., et al, Defendants-Appellants.
No. 16828-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
*939 Maurice L. Tynes, Lake Charles, for defendants-appellants.
James B. Wells & Associates, P.C. by James B. Wells, Bossier City, for plaintiffs-appellees.
Before HALL and SEXTON, JJ., and PRICE, J. Pro. Tem.
SEXTON, Judge.
Plaintiffs instituted this action to dissolve a writ of attachment[1] and additionally to recover damages for the failure to release the writ, as well as attorney's fees. A default judgment was confirmed by the trial court "dissolving the writ of attachment" and awarding plaintiffs, J & H Gravel Construction, Inc. and C & V Gravel, Inc., damages and attorney's fees against the defendants, Maco Construction Corporation and Maurice Tynes, Maco's attorney. Both have appealed. Finding merit to certain of defendants' contentions, we amend in part, reverse in part, and remand.
Subsequent to the filing of the petition in this cause, defendant Maurice Tynes filed a peremptory exception of no cause of action. As will be seen from the pertinent portions of the petition, infra, plaintiffs' allegations against the attorney, Mr. Tynes, are simply that Tynes, as attorney for Maco Construction Company, a company having a judgment against T.R. Johnson, took no action upon being furnished documentation that a backhoe seized under the writ belonged to the plaintiff, C & V Gravel, Inc., rather than Johnson.
For a plaintiff to state a cause of action based upon a defendant's negligence, each *940 of the foregoing questions must be answered in the affirmative:
1. Do the risks and harm encountered by plaintiff fall within the protection of a legal duty owed to plaintiff by defendant;
2. Was defendant negligent, i.e., did defendant breach the duty owed to plaintiff;
3. Was defendant's action a cause-in-fact of plaintiff's injury; and
4. Was plaintiff damaged by defendant's conduct?
Dixie Drive It Yourself System New Orleans Company v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
In our view, the allegations in plaintiffs' petition show no duty owed by this particular defendant to these particular plaintiffs. In Spencer v. Burglass, 337 So.2d 596 (La.App. 4th Cir.1976), writ denied, 340 So.2d 990 (La.1977), the court held that the plaintiff-doctor had not stated a cause of action against the attorney who had earlier filed a malpractice suit against her on behalf of his client. The plaintiff contended that the attorney owed an affirmative duty to her to refrain from filing groundless litigation. As the Spencer court noted, in filing an action, an attorney is acting for his client in order to place that client's contentions before the court. The court was unable to find a duty which that attorney had owed the plaintiff which had been breached by his filing and prosecution of the suit.
Likewise, in McReynolds v. Kruse, 440 So.2d 791 (La.App. 1st Cir.1983), the First Circuit upheld the trial court's sustaining of an exception of no cause of action finding that under the duty risk analysis, defendant-attorney owed no legal duty to plaintiff. In McReynolds, plaintiff-husband filed suit against his former wife and her attorney claiming that the attorney obtained a default judgment against the petitioner "contrary to the custom of practitioners in the area and without notice to petitioner's former attorney that defendant would not try to settle their claims...." The petition also alleged that the attorney had misrepresented certain facts to the court. The court concluded that the defendant-attorney owed no duty to plaintiff, who was not her client, and although the attorney did have a duty to accurately represent the facts to the court, that duty was to the court and did not encompass the risk of injury to plaintiff, as opposing party litigant.
This Court in Lowe v. Continental Insurance Company, 437 So.2d 925 (La.App. 2d Cir.1983), writ denied 442 So.2d 460 (La. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1924, 80 L.Ed.2d 470 (1984), upholding an exception of no cause of action, found that a lawyer owed the opposing litigants, against whom he had filed an earlier suit, only the courtesy owed to any other witness in an adversary proceeding, but that no other duty could be found or inferred from plaintiff's allegations.
While the jurisprudence above is not precisely on point, it provides support for our conclusion that under these allegations plaintiffs have not stated a cause of action against Mr. Tynes, and that the trial court should be reversed in that respect. Just as the Spencer court, we are concerned with the chilling effect a finding of a stated cause in the instant case may have on adversary counsel. The assertions of the plaintiff are found wanting when balanced against the important interests of our judicial system in maintaining open courts served by adversary counsel. See Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980). We therefore determine that the petition does not set forth a cause of action against the attorney, Tynes, and reverse the trial court in that respect.
Additionally, appellants contend that the trial court erred in confirming an untimely default and in failing to require proof of the taking of the preliminary default. We find no merit in these contentions. The record in the matter was offered and received into evidence in the proceedings below. This record, which includes the court minutes, reveals that a preliminary default was taken and was timely confirmed. Appellants *941 also assert that the record lacks sufficient proof of service of process. We also disagree with this contention, as the record contains an affidavit of service reciting that a certified copy of the citation and of the petition by certified mail, return receipt requested, had been served on Maco Construction Corp. in accordance with LSA-R.S. 13:3204.
Clearly, appellants' most serious argument is that the trial court erred in awarding judgment without requiring adequate proof of plaintiffs' demands.
In this instance, plaintiffs' petition alleges that:

"3.
That defendant, MACO CONSTRUCTION CORPORATION, obtained a money judgment against T.R. JOHNSON in the State of Texas in a suit styled "Maco Construction Corporation vs. T.R. Johnson"; that said defendant had the judgment made executory in the State of Louisiana and seized certain property under a writ of attachment issued from the First Judicial District Court of the Parish of Caddo, State of Louisiana;
"4.
That all of the equipment seized under the writ of attachment belonged to J & H Gravel Construction, Inc., a corporation in which T.R. Johnson is an officer; that none of the property belonged personally to T.R. Johnson;
"5.
That documentation showing that the equipment seized belonged to the corporation and not to T.R. Johnson was provided to the defendant, MAURICE L. TYNES, counsel for MACO CONSTRUCTION CORPORATION, and accordingly, the attachment was released on December 1, 1983, on all of the equipment except for one Link Belt Backhoe, Model # LS 5000, Serial # 20G2-9624, which remained under the custody and control of the Caddo Parish Sheriff's Department under said writ of attachment;
"6.
That the backhoe was sold by J & H Gravel Construction, Inc. to C & V GRAVEL, INC., and when an officer of C & V Gravel, Inc. attempted to pick up the equipment, he was informed that he could not get the backhoe as it was under a writ of attachment; accordingly, another letter was sent to defendant, MAURICE L. TYNES, dated February 7, 1984, a copy of which is attached hereto and made a part hereof by reference, concerning the failure to release the aforementioned backhoe from the writ of attachment and providing even further documentation that this particular piece of equipment did not belong to T.R. Johnson but to J & H Gravel Construction, Inc. and again requesting that the backhoe be released from under the writ;
"7.
That the defendant, MAURICE L. TYNES, did not respond to the communication and accordingly another certified letter was sent to him dated February 23, 1984, a copy of which is attached hereto and made a part hereof by reference, once again outlining the problem and giving defendant, MAURICE L. TYNES, twenty-four (24) hours to respond; that this letter was received and signed for on February 24, 1984, and the defendant, MAURICE L. TYNES, has made no attempt to get in touch with counsel for plaintiffs herein;
"8.
That all of the acts of defendant, MAURICE L. TYNES, were performed on behalf of defendant, MACO CONSTRUCTION CORPORATION;
"9.
That the writ of attachment issued herein was wrongfully issued and was done so in a negligent manner and therefore should be dissolved and damages allowed plaintiffs for its wrongful issuance;

*942 "10.
That plaintiff J & H GRAVEL CONSTRUCTION, INC. was deprived of the use of this equipment because of the negligent acts of defendants in wrongfully issuing a writ of attachment; since the sale of the equipment to C & V GRAVEL, INC., they have likewise been deprived of the use of this equipment;
"11.
That as a result of the wrongful issuance of the writ of attachment, plaintiffs have suffered damages as follows, to-wit:

a. J & H GRAVELLoss of use
 of equipment at the rate of
 $100 per hour from 10/12/83,
 date of writ of attachment, until
 sale to C & V GRAVEL,
 INC. (1/20/84) $80,000.00
b. C & V GRAVEL, INC.Loss
 of use of equipment at the rate
 of $100 per hour from time of
 ownership (1/20/84) until writ
 of attachment is dissolved and
 the equipment released 43,200.00 +
c. Attorney fees 5,000.00
 _____________
 TOTAL $128,200.00 + "

Although the petition refers to attachments, none are present in this record.
At the confirmation hearing, T.R. Johnson testified that he was the manager of J & H Gravel Company, and additionally that he was the secretary-treasurer. He stated that certain equipment belonging to J & H Gravel was seized by the Caddo Parish Sheriff's Department as a result of a writ of attachment on October 12, 1983. Johnson testified that after plaintiffs' attorney sent documentation of the equipment's ownership to Maurice L. Tynes, attorney for Maco, the equipment seized was released except for one Link Belt 5000 backhoe. Johnson stated that he understood that numerous attempts had been made in the form of requests to Maco's attorney, Tynes, to obtain the release of this equipment, but these attempts were unsuccessful.
In regard to the damage sustained as a result of the seizure, Johnson testified that the value of the machine on a job was "... at least $100 an hour and if you're in production there is no value I can put on it. It could be more. It would depend on production."
Johnson further testified that the backhoe was sold by J & H Gravel to C & V Gravel on January 20, 1984, after the release of the other equipment seized simultaneously with the backhoe. Johnson stated that it was his belief that the backhoe had also been released.
Gus L. Couch, president of C & V Gravel, corroborated the testimony of T.R. Johnson that C & V purchased the backhoe from J & H. He further testified that he had attempted to retrieve the machinery and had been told that the backhoe had been seized. Couch stated that as a result of the loss of use of this machine, C & V had suffered damages from date of sale and every day thereafter at the rate of "at least $100 an hour," and that C & V had been forced to rent a dragline which did not operate as quickly as the backhoe and which had consequently slowed production. Couch also testified that he had attempted to contact Tynes on several occasions to obtain the release of the backhoe, but that his efforts were unsuccessful except for one occasion. During this conversation, Couch stated that he informed Tynes that C & V was the owner of the equipment, and Tynes replied that he needed proof of that fact. Couch testified that Tynes stated that he was sorry, but the equipment could not be released at that time.
On plaintiffs' behalf, the following documents were introduced into evidence: the "record in this case";[2] a photocopy of a bill of sale of certain equipment including a Link Belt backhoe from Cobb Gang, a partnership, to J & H Gravel, and marked "paid in full, Dec. 18, 1981"; a photocopy of a letter from Maurice L. Tynes to Sheriff Don Hathaway requesting the release of *943 certain described equipment; a photocopy of correspondence from plaintiffs' attorney to Maurice L. Tynes purporting to contain proof of ownership of the backhoe in question but containing no attachments as referred to in the letter; a photocopy of further correspondence from plaintiffs' attorney to Maurice L. Tynes threatening suit for improper seizure if no answer to the letter was forthcoming; an original letter from Maurice L. Tynes to James B. Slack, apparently a law partner of plaintiffs' attorney, stating that if T.R. Johnson could be produced for deposition, the matter could probably be resolved; and lastly, a photocopy of a letter from Slack to Maurice L. Tynes stating that unless Tynes responded by the first of the next week, Slack would proceed with an argument on the exceptions filed in this suit.
After the hearing in this matter, judgment was rendered confirming the preliminary default; dissolving the writ of attachment on the backhoe; awarding judgment in favor of plaintiff, J & H Construction, Inc., against defendants in solido for $36,000; awarding judgment in favor of plaintiff, C & V Gravel, Inc., against defendants in solido for $52,000; and casting defendants in judgment for attorneys' fees in the amount of $2,000, and all costs.
The standard for testing the sufficiency of evidence at a confirmation of default hearing is found in LSA-C.C.P. Art. 1702, which provides in pertinent part that a judgment of default must be confirmed by proof of the demands sufficient to make out a prima facie case. The essential elements of the prima facie claim must be proven by competent evidence, with legal certainty, as fully as though each allegation was specifically denied by the defendant. Brown v. Tinsley, 433 So.2d 305 (La.App. 1st Cir.1983). Hearsay evidence not admitted under one of the exceptions to the exclusionary rule is not competent evidence and does not sustain the burden of proving a prima facie case. Hudson v. Cozart, 438 So.2d 674 (La.App. 2d Cir. 1983).
In order to obtain a reversal of a default judgment, the defendant must overcome the presumption that the judgment has been rendered on sufficient evidence and that it is correct; but such a presumption does not exist where the record contains a note of the evidence introduced or a transcript of the proceedings in the trial court. Philip White Plumbing Company, Inc. v. Baricev/Waguespack, Ltd., 410 So.2d 1247 (La.App. 3rd Cir.1982).
Initially, we note that the writ sought to be dissolved in this action is conspicuously lacking from this record. The only evidence with respect to the occurrence of the seizure was the testimony of the judgment debtor that he was the manager of J & H Gravel, Inc. and that the property was seized under a "writ of attachment." Other evidence tending to corroborate this evidence was the testimony of Gus Couch, the manager of the other plaintiff and the corporation which purchased the equipment, that he had been unable to obtain use of the backhoe in question because it was "under the writ."
The aforementioned, together with the testimony of Mr. Johnson, we believe is sufficient to show that the defendant, Maco Construction, erroneously obtained a seizure of a backhoe belonging to J & H Gravel, and that the seizure issued subsequent to a judgment against J & H's manager, Mr. Johnson, under a fi fa.
In this respect, we note that there was judgment in the trial court "dissolving the writ of attachment" on the backhoe. However, this seizure clearly occurred under a fi fa pursuant to LSA-C.C.P. Art. 2291, et seq. A fi fa remains in effect for one year and is not to be dissolved because of an erroneous seizure thereunder. LSA-C.C.P. Art. 2294. The appropriate remedy is to seek an injunction under LSA-C.C.P. Art. 2298. Thus, the backhoe should have been simply released from the seizure, rather than the writ being dissolved. It will be necessary to amend the judgment in that respect.
Turning our consideration to the instant damage award, we note that the money *944 damages awarded in the judgment were obviously rendered solely for the loss of use of the equipment, as this was the only item of damages pled with respect to the seizure and the only item mentioned in the trial court's opinion. There were no demands with respect to unlawful seizure. A judgment on default cannot exceed the demands of the petition. LSA-C.C.P. Art. 1703.
A loss of business profits resulting from an offense or quasi-offense are special damages, which in many cases, such as the instant case, are not susceptible of proof to a mathematical or legal certainty. However, even in such cases, loss of profits must be proved with reasonable certainty, i.e., by the more probable than not standard. An award for loss of profits cannot be based on speculation and conjecture. The trier of fact must have some reasonable basis for its discretion. Where the record contains no factual basis for such an award or the amount so awarded, the appellate court must reverse or amend the award to conform to the evidence. Rosenblath v. Louisiana Bank and Trust Company, 432 So.2d 285 (La.App. 2d Cir.1983).
The only evidence advanced to support the present damage award was the uncorroborated testimony of Johnson and Couch who each testified that the loss of use of this equipment was "about $100 an hour." However, no testimony or figures were presented to show the operational costs of this equipment, or the time period during which it would have been utilized. The record does not disclose the nature of plaintiffs' business. There was testimony that the machine would have been used "every day," but this testimony is insufficient for a proper calculation of damages based on an hourly rate. No testimony was presented to establish whether or not a job was in progress requiring the utilization of this machine. Furthermore, it was not established whether another backhoe was available to mitigate plaintiffs' damages in this regard. The trial court's opinion buttresses the fact that the damages awarded were indeed speculative. In that opinion, the trial court stated:
In assessing damages for the loss of use of equipment, the court finds that the demands of plaintiffs should be reduced by an appropriate amount due to such items as rain days, days equipment is not functioning properly, etc. Since there was no evidence on these points the court finds it necessary to arbitrarily assign "down time".
It is thus our view that any damages awarded on this evidence are entirely too speculative. There is no evidence as to the nature of the respective businesses of the two plaintiffs, or the availability of substitute equipment. Particularly, there is no evidence establishing the profit which has been lost. In assessing these damages, plaintiffs' overhead should be excised. See generally, Fidelity & Guaranty Insurance v. Central Plumbing & Heating, 339 So.2d 904 (La.App. 3rd Cir.1976).
Because of the insufficiencies in the proof presented to establish damages, the awards of damages herein should be reversed and the cause remanded to determine if these damages can be sufficiently proven. Evangeline Employment Service v. Decuire, 340 So.2d 1113 (La.App. 3rd Cir.1976); Courville v. Southern Casualty Insurance Company, 304 So.2d 93 (La. App. 3rd Cir.1974).
We also find it necessary to reverse the award for attorney's fees in this cause. As a general rule, attorney fees are not due and owing a successful litigant unless specifically provided by contract or by statute. Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La. 1984). As we have noted, while this cause of action is pled as a dissolutionment of a writ of attachment, it is obviously a seizure perfected under a fi fa pursuant to LSA-C. C.P. Art. 2291, et seq. Indeed, LSA-C.C.P. Art. 2298 does provide as an item of damages attorney's fees in connection with the rendition of an injunction to halt a sheriff's sale subsequent to seizure under a fi fa under the circumstances there listed. However, a reading of that article makes it *945 clear that attorney's fees are to be rendered only as an item of damages with respect to a demand for injunctive relief under that article. This suit did not seek injunctive relief under Article 2298. Therefore, there is no authority for attorney's fees.[3]
In summary, we determine that there was sufficient uncontradicted proof that the judgment debtor did not own the property seized, and that the judgment rendered should be amended to release the backhoe from the seizure, but not to dissolve the writ. Moreover, we have determined to sustain the exception of no cause of action in favor of the defendant, Tynes, and have resolved to reverse the award for damages.
Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the trial court is hereby amended to order release under the writ of fi fa of one Link Belt Backhoe, Model # LS 5000, Serial # 20G2-9624;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the exception of no cause of action filed herein by the defendant, Maurice L. Tynes, be and is hereby sustained; and in all other respects, the judgment of the district court is reversed and the case is remanded for proceedings not inconsistent herewith. All costs to date are assessed against plaintiffs.
AMENDED IN PART, REVERSED IN PART, and REMANDED.
NOTES
[1] Plaintiffs' petition characterizes this seizure as one pursuant to a writ of attachment. However, the seizure apparently occurred under a writ of fieri facias pursuant to LSA-C.C.P. Art. 2291.
[2] Plaintiffs' attorney, when he began his proof, offered "the record in this case." However, it does not contain any documentation with respect to the seizure complained of.
[3] Since this is not a suit for dissolution of a writ of attachment issued in connection with the demands of a petition per LSA-C.C.P. Art. 3501, et seq., attorney's fees allowable for dissolution thereof under LSA-C.C.P. Art. 3506 are also unavailable.