SCHOTT, Judge.
This case is an outgrowth of Salem v. Maise, 449 So.2d 121 (La.App. 4th Cir.1984). There plaintiffs obtained a judgment against Maise on October 11, 1982 and their attorney, Anthony S. Taormina, recorded the judgment, two days later. Maise took a suspensive appeal, and the judgment against him did not become final until the delay for an application for rehearing in this court expired in May, 1984. On November 8, 1983 Maise filed suit for a mandamus against the Recorder of Mortgages for the Parish of Orleans to cancel the judgment and for damages against the judgment creditors and Taormina for premature recordation of the judgment. The trial court originally awarded Maise a judgment for $2,250 which specifically included $750 for attorney fees incurred by Maise in having the inscription of the judgment can-celled. Following an application for new trial the judgment was amended to delete the $750 so as to reduce the net judgment to $1,500. This judgment was against Taormina but not against his clients. Taor-mina has appealed contesting liability and quantum; and Maise has answered the appeal seeking an increase in the amount of the judgment. He also seeks judgment against Taormina’s clients.
LSA-C.C.P. Art. 2252 flatly prohibits execution of a judgment before the delay for a suspensive appeal has elapsed. Because recordation of a judgment in the mortgage records is a step in the execution of a judgment, premature recordation is a violation of Art. 2252. Ortiz v. Demarest, 455 So.2d 1195 (La.App. 4th Cir.1984), writs denied, 457 So.2d 1 (LA 1984) [1]. Thus, Maise is clearly entitled to recover damages resulting from Taormina’s breach of his duty not to record the judgment prematurely. C.C. Art. 2315.
Both sides argue the trial judge abused his discretion in the amount of the award. There was evidence that Maise was hampered from and delayed in making a real estate loan because of the rec- *1195 ordation and that Taormina was dilatory in having the judgment cancelled once he became aware that it was wrongfully recorded and was causing Maise inconvenience and expense. We are not persuaded that the ultimate award of $1,500 was in excess of the bounds of the trial court’s discretion.
On the other hand, we are not persuaded either that the award is abusively inadequate. Maise contends that he is entitled to a separate award for attorney fees which was originally rendered but subsequently taken away in response to Taormi-na’s application for new trial. Attorney fees incurred by Maise in having the rec-ordation cancelled were properly included among his elements of damage along with inconvenience, embarrassment, mental anguish and the rest. However, there was no basis for a separate award of attorney fees in this case. Apparently, the trial judge, on reflection, considered $1,500 to be the appropriate amount to compensate Maise for all his losses and we are not convinced that this constituted an abuse of his much discretion.
Finally, Maise seeks to have the judgment modified so as to cast in judgment Taormina’s clients along with him. Because Maise failed to take an independent appeal, but only answered Taormina’s appeal, this issue is not before us. An answer to an appeal is effective only as to an appellant. This court is without jurisdiction over Taormina’s clients who prevailed in the trial court when the suit against them was dismissed. C.C.P. Art. 2133; American Ins. Co. v. Holland, 401 So.2d 421 (La.App. 4th Cir.1981).
Accordingly, the judgment is affirmed.
AFFIRMED.

. We are aware of the legislature's overruling of this case and those it followed by Art. 523 of 1985, but this occurred subsequent to present case.