SHORTESS, Judge.
Michael R. Connelly (defendant) appeals from a judgment rendered against him on motion for summary judgment filed by the Livingston Parish Police Jury. Defendant was Sherry Penalber’s attorney in a personal injury lawsuit against the Police Jury and had obtained a money judgment for his client. The Police Jury refused to pay the judgment, and Connelly instituted garnishment proceedings against Amoco Production Company, who answered interrogatories propounded to them by admitting they owed certain funds to the Police Jury. Defendant (without obtaining a writ of fieri facias) obtained an order from the Twenty-First Judicial District Court to seize sufficient funds to satisfy Penalber’s judgment, totaling $30,545.13. Amoco paid said sum to the sheriff of Livingston Parish who then disbursed the same to defendant. Defendant deducted his fee and costs, amounting to $13,625.94, and sent Penalber the balance of $15,636.69.
The Police Jury then filed a petition for wrongful seizure, alleging that the seizure violated LSA-R.S. 13:5109 and the 1974 Louisiana Constitution, article 12, section 10, prohibiting the seizure of funds belonging to a political subdivision. The petition sought the return of the funds seized, as well as $20,000.00 in additional damages. Summary judgment for the Police Jury was ultimately signed on April 14,1986, against Penalber and defendant for $30,545.13. In its reasons the trial court stated that the seizure was wrongful because it was in violation of the 1974 Louisiana Constitution, article 12, section 10, as well as LSA-R.S. 13:5109, and also because there was no writ of fieri facias issued and no notice of the seizure.
Thereafter, Connelly filed a motion for new trial, and Penalber filed a motion to annul the judgment because she had never been served with the original petition. The judgment against her was annulled. The Police Jury, Penalber, and Connelly all filed motions for summary judgment. Penal-ber’s motion was against Connelly on a third party demand, which asked for judgment “over and against Michael R. Connelly for any and all sums which she may be condemned to pay to the Livingston Parish Police Jury as a result of the petition and allegations contained therein of the Livingston Parish Police Jury.” Connelly also filed an exception of no cause of action. On September 11, 1986, a judgment cancel-ling the April 14, 1986, judgment was signed. On October 20, 1986, the trial court heard oral arguments on all motions and exceptions, and on April 27, 1986, signed the judgment from which this appeal is taken. That judgment casts Connelly and Penalber, in solido, for $29,262.63, with interest; it further grants Penalber’s motion for summary judgment against Connelly on the third party demand “in the full sum of $13,625.94, together with legal interest.” Defendant and Penalber entered timely appeals, but Penalber failed to file a brief. Her appeal was dismissed (Rule 2-12.7, Uniform Rules — Court of Appeal), and judgment against her is final.
Defendant contended in the trial court that the seizure he effected was not a wrongful one. On appeal, however, he abandoned that argument and “conceded that the seizure was improper.”
Connelly assigns as error the trial court’s failure to dismiss him from the lawsuit on his exception of no cause of action, and, alternatively, the trial court’s renditien of the judgment in solido against him and *110 Penalber.[2] He expressly did not appeal that part of the judgment which cast him liable on the third party demand filed by Penalber.
Defendant’s first assignment of error is that, because he was acting as an attorney and agent for his client in executing on the judgment he had obtained for her, he cannot be held personally liable for the wrongful seizure and that no cause of action exists against him. Defendant cites cases dealing with malicious prosecution in which, for policy reasons, our courts have held no cause of action may lie against an attorney. Spencer v. Burglass, 337 So.2d 596 (La.App. 4th Cir.), writ denied, 340 So.2d 990 (La.1977). More to the point, he has relied upon C & V Gravel, Inc. v. Maco Construction Corporation, 465 So.2d 938 (La.App. 2d Cir.1985), in which an attorney under a writ of fieri facias seized a backhoe which did not belong to the judgment debt- or. The court held the attorney owed no duty to the real owners, citing, in turn, malicious prosecution cases.
However, in Maise v. Demarest, 483 So.2d 1193 (La.App. 4th Cir.), writ denied, 488 So.2d 690 (La.1986), judgment was had against an attorney for premature rec-ordation of a judgment. The court relied on LSA-C.C.P. art. 2252, which “flatly prohibits execution of a judgment before the delay for a suspensive appeal has elapsed.” Maise, 483 So.2d at 1194. We find this case more analogous to the present situation. Although an attorney may not generally owe a duty to an adverse litigant, where he affirmatively violates the Louisiana Constitution and statutory law by seizing property belonging to a public body, we believe a cause of action is stated, and defendant could, indeed, be personally cast in judgment.
Defendant’s next assignment of error is that he should not have been held liable in solido with Penalber. He argues that if the judgment is allowed to stand as cast, the Police Jury could enforce the entire $29,262.63 judgment against him, although he actually received only $13,-625.94. He failed to recognize, however, that in that event he would have a right of contribution against his co-obligor in solido for her virile portion of the obligation under LSA-C.C. art. 1804.[3] The obligation is solidary because, under agency principles, defendant was acting for his client when he executed on her judgment against the Police Jury. She is liable in solido with him for that wrongful act because, even if he exceeded his authority, she ratified the wrongful seizure by retaining the funds disbursed to her. LSA-C.C. arts. 1843 and 3010.
The judgment of the trial court is affirmed. All costs are taxed to defendant. The clerk of the Twenty-First Judicial District Court is directed to reinstate the judgment Penalber obtained against the Livingston Parish Police Jury when the clerk receives evidence that this judgment has been satisfied.
AFFIRMED.
SAVOIE, J., dissents and assigns reasons.

. Defendant did not assign as error the measure of damages awarded to the Police Jury, and we will not consider same as an appealable issue.

. We recognize the fact that the judgment on the third party demand against Connelly casts him for $13,625.94 to Penalber regardless of whether he is forced to pay the entire judgment. Although this may appear inequitable, defendant chose not to appeal from that part of the judgment, and it is now final. It is that part of the judgment which effectively requires defendant to pay the entire judgment to the Police Jury regardless of any contribution claim he has because the amount he owes under the judgment on the third party demand is offset by the amount he would be owed as contribution by Penalber under LSA-C.C. art. 1804 if the Police Jury seeks to enforce the entire judgment against him.