SAVOIE, Judge,
dissenting.
I respectfully dissent.
The Livingston Parish Police Jury (plaintiff) does not have a cause of action against Sherry Penalber’s attorney, Michael R. Connelly (defendant). For plaintiff to state a cause of action based upon defendant’s negligence, the harm encountered by plaintiff must fall within the protection of a *111 legal duty owed to plaintiff by defendant. The allegations in plaintiffs petition show no duty owed by defendant to plaintiff. The majority has determined that defendant did in fact owe a duty to plaintiff and that defendant breached that duty. The majority bases its holding on the Fourth Circuit case of Maise v. Demurest, 483 So.2d 1193 (La.App. 4th Cir.), writ denied, 488 So.2d 690 (La.1986). I suggest that instead of following the Fourth Circuit, the majority should follow the holdings of our own Circuit and those of the Second and Third Circuit as hereinafter set out.
Generally, in the absence of any attorney-client relationship, there can be no liability on the part of an attorney for legal malpractice.[1] Clause v. Manuel, 442 So.2d 905 (La.App. 3rd Cir.1983), writ denied, 448 So.2d 106 (La.1984). This court in McReynolds v. Kruse, 440 So.2d 791 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1241 (La.1984), upheld the trial court’s sustaining of an exception of no cause of action finding that under the duty risk analysis, defendant-attorney owed no legal duty to plaintiff. In McReynolds, plaintiff-husband filed suit against his former wife and her attorney claiming that the attorney obtained a default judgment against the petitioner “contrary to the custom of practitioners in the area and without notice to petitioner’s former attorney that defendant would not try to settle their claims....” The petition also alleged that the attorney had misrepresented certain facts to the court. This court concluded that the defendant-attorney owed no duty to plaintiff, who was not her client, and although the attorney did have a duty to accurately represent the facts to the court, that duty was to the court and did not encompass the risk of injury to plaintiff, as opposing party litigant.
The Second Circuit in Lowe v. Continental Insurance Company, 437 So.2d 925 (La.App. 2d Cir.), writ denied, 442 So.2d 460 (La.1983), cert. denied, 466 U.S. 942, 104 S.Ct. 1924, 80 L.Ed.2d 470 (1984), upheld an exception of no cause of action, found that a lawyer owed the opposing litigants, against whom he had filed an earlier suit, only the courtesy owed to any other witness in an adversary proceeding, but that no other duty could be found or inferred from plaintiff’s allegations. In C & V Gravel, Inc. v. Maco Construction Corporation, 465 So.2d 938 (La.App. 2d Cir.1985), an attorney obtained a judgment on behalf of his client, Maco Construction Corporation. In an effort to collect the judgment, the attorney seized a backhoe belonging to C & V Gravel. C & V Gravel provided the attorney with documentation that the backhoe did not belong to the judgment debtor, but instead belonged to C & V Gravel. The attorney did not release the seizure of the equipment in response to the documentation. C & V Gravel and J & H Gravel Construction, Inc. filed suit against both Maco and its attorney to dissolve the writ of seizure and sought damages and attorney’s fees. The trial court overruled an exception of no cause of action filed on behalf of the attorney, rendered a judgment dissolving the writ of seizure and awarded the property owner damages and attorney’s fees. The Second Circuit overruled the judgment as to the attorney and held that the allegations in *112 plaintiffs’ petition showed no duty owed by defendant to plaintiffs. The court stated:
[W]e are concerned with the chilling effect a finding of a stated cause in the instant case may have on adversary counsel. The assertions of the plaintiff are found wanting when balanced against the important interest of our judicial system in maintaining open courts served by adversary counsel.... We therefore determine that the petition does not set forth a cause of action against the attorney, ... and reverse the trial court in that respect. Id. at page 940. (Citation omitted).
I agree with the above quoted language and find same most appropriate to the matter sub judice. I would reverse the holding of the trial court and render judgment in favor of Mr. Connelly.

. Louisiana jurisprudence has recognized one exception to the general rule, that exception occurring when an attorney performs work at the request of his client, but the work actually benefits a third party. In Capital Bank & Trust Co. v. Core, 343 So.2d 284 (La.App. 1st Cir.), writ denied, 345 So.2d 504 (La.1977), an attorney examined title to certain property at the request of his client. The plaintiff bank used the property as security for a loan. The bank, in accepting the property as security for the loan, relied on the title opinion rendered by the attorney. When the title opinion proved faulty, the bank brought a direct malpractice action against the attorney. This court held that the bank could bring a direct malpractice action against the attorney and that the attorney’s liability arose from a stipulation pour autrui. The attorney rendered the title opinion for the benefit of a third party, the bank. Upon the bank’s acceptance of the benefit of the title opinion, privity of contract was created sufficient to support the malpractice action.
In Succession of Killingsworth v. Schlater, 270 So.2d 196 (La.App. 1st Cir.1972), rev'd on other grounds, 292 So.2d 536 (La.1974), an attorney drafted an invalid will and the court held that claims by legatees for damages could be maintained, despite the fact that the legatees were not clients of the attorney.