ASSOCIATED CONCRETE CONTRACTORS, INC.
v.
THE LANDING, L.L.C.
No. 2006 CA 2276.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
NOT DESIGNATED FOR PUBLICATION
JOHN T. CULOTTA, DARREN A. PATIN, DANIEL A. CAVELL, Counsel for Plaintiff/Appellant, Associated Concrete Contractors, Inc.
KELSEY K. FUNESR, Counsel for Defendant/Appellee, The Landing, L.L.C.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
At issue in this appeal is whether the trial court erred in entering judgment that sustained an exception of no cause of action filed by The Landing, L.L.C. (Landing), dismissed Associated Concrete Contractors, Inc.'s (ACC's) claims with prejudice, and denied ACC's motion to amend its petition. For the following reasons, we affirm the judgment insofar as it sustains the peremptory exception of no cause of action; however, we reverse the portion of the judgment that dismissed ACC's claims with prejudice and denied ACC's motion for additional time to amend its petition. We remand this matter to the trial court with the instruction to grant ACC an additional thirty days to amend its petition.

PERTINENT FACTS AND PROCEDURAL HISTORY
ACC had filed a petition against Landing, generally alleging that pursuant to a contract with a third corporation, ACC had provided material and labor for concrete work to the benefit of property owned by Landing and that it had not been paid. ACC alleged that Landing was thereby indebted to it.
Landing filed a peremptory exception of no cause of action. After a hearing on the exception, the trial court granted the exception and dismissed ACC's petition with prejudice. The trial court also summarily dismissed ACC's motion to amend its petition pursuant to La. C.C.P. art. 934.[1]
ACC now appeals. asserting two assignments of error:[2]
I. The trial court erred in granting the defendant's peremptory exception of no cause of action finding that plaintiff/appellant did not have available to it a cause of action for unjust enrichment.
2. Alternatively, the trial court erred by dismissing plaintiff/appellant's claims with prejudice and not allowing plaintiff/appellant to amend its petition.

EXISTENCE OF A CAUSE OF ACTION
In reviewing a trial court judgment relating to an exception of no cause of action, an appellate court should conduct a de novo review because the exception raises a question of law, and the lower court's decision is based solely on the sufficiency of the petition. "The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief." Ramey v. DeCaire, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 119, and attending discussion.
Here, noting that ACC had stated no contract or tort claims, Landing surmised that ACC was relying on the theory of unjust enrichment in its petition. Landing argued that ACC had no claim for unjust enrichment under La. C.C. art. 2298[3] because of the article's provison that, "[t]he remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." Landing argues that ACC's claim for unjust enrichment was barred because it had at least two other remedies: it could have sued the party with whom it had contracted and for whom it performed the work; or it could have proceeded under the Louisiana Private Works Act, La. R.S. 9:4801 et seq.
At the hearing on the exception, the trial court explained in oral reasons that the allegations in the petition did not raise a claim of unjust enrichment or any other cognizable claim. It stated:
Based on the petition that the Court has reviewed in this case, it's apparent that Associated Concrete Contractors, Incorporated is seeking payment for work done on property of The Landing for which it has not been paid, but there is nothing in the petition to allege upon what basis Associated Concrete Contractors, Incorporated thinks it should be paid by The Landing.
The trial court also noted that ACC had other legal remedies it could pursue. Accordingly, the trial court granted the exception of no cause of action.
On our de novo review of the petition, we conclude that the trial court did not err in granting the exception of no cause of action. The lack of particular facts setting forth a legal relationship between ACC and Landing that could give rise to an obligation for Landing to pay ACC for its services prevent us from determining from the petition that the law affords a remedy to ACC. Accordingly, ACC's petition fails to state any valid cause of action for relief. We affirm the judgment insofar as it grants Landing's peremptory exception of no cause of action.
ACC's first assignment of error is without merit.

FAILURE TO ALLOW AMENDMENT
Louisiana Code of Civil Procedure art. 934 allows for amendment of a petition, if possible, once an exception of no cause of action has been sustained. La. C.C.P. art. 934 provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. (Emphasis added.)
The word "shall" in the article's language generally requires that an adverse party be given an opportunity to amend "where there is a conceivable possibility" that a cause of action may be stated. McReynolds v. Kruse, 440 So.2d 791, 793 (La.App. 1 Cir. 1983) (Citation omitted.). "However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act." Id.
Here, once the trial court ruled that it would dismiss ACC's petition, ACC requested: "could we under [Code of Civil Procedure] Article 934 could we have fifteen days to amend our petition?" The trial court ruled: "No. No. The suit is dismissed." In so doing, the trial court did not state that the ground for the exception was not removable. Nor in summarily denying the motion to amend did it give ACC the opportunity to explain how it might amend the petition to state a cause of action.
We, however, are not prepared to say on our de novo review that, as a matter of law, ACC is unable to amend its petition to remove the basis for Landing's objection or that such amendment would be a vain and useless act. See Ramey, 03-1299, at p. 9, 869 So.2d at 119-20. We can conceive of theories under which a landowner may be obligated to a subcontractor apart from unjust enrichment. Particularly, we note in the record ACC's motin to file a "Supplemental and Amending Petition," which was denied because the original petition had already been dismissed. In this pleading, ACC alleges that the contractor with whom Landing contracted, and for whom ACC provided work and materials, assigned its right to payment against Land to ACC.
Accordingly, we conclude that the trial court erred in failing to allow ACC the opportunity to amend its petition. We remand this matter to the trial court to permit ACC to amend its petition, if it can, within thirty days from the date of the finality of this judgment. If ACC fails to amend its petition, the trial court is instructed to dismiss its suit.
We find merit in ACC's second assignment of error.

DECREE
We affirm the judgment of the trial court insofar as it granted Land's exception of no cause of action. We reverse the portion of the judgment that dismissed ACC's claims with prejudice and denied ACC's motion to amend its petition.
We remand this matter to the trial court with instructions to allow ACC to amend its petition within thirty days from the date of the finality of this judgment. If ACC fails to amend its petition within the allowed time, the trial court shall dismiss its suit. Costs of this appeal are assessed to The Landing, L.L.C.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS
NOTES
[1] See discussion within for full text of this article.
[2] ACC also filed a motion to supplement the record with its memorandum in opposition to Landing's peremptory exception of no cause of action. It does not appear that this memorandum was filed into the trial court record. Further, there is no representation that Landing agrees with this supplementation. Accordingly, we deny the motion to supplement our record.
[3] Louisiana Civil Code art. 2298 provides as follows:

Enrichment without cause; compensation
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.